**SOUTHWESTERN BELL TEL. CO., v. DIALITE DIAL CO. et al.**

Civ. No. 3687.

United States District Court
W. D. Oklahoma.

Nov. 21, 1951.

John H. Cantrell, B. H. Carey and Joe A. McCloud, all of Oklahoma City, Okl., for plaintiff.

Dudley, Duvall & Dudley, Oklahoma City, Okl., Kemper & Wilson, Houston, Tex., for defendants.

CHANDLER, District Judge.

This is an action under the Federal Declaratory Judgments Act, 28 U.S.C.A. §§ 2201, 2202, in which the plaintiff, Southwestern Bell Telephone Company, seeks a declaration of rights concerning the actions of the defendants in selling to various individuals, within the State of Oklahoma and throughout the six states comprising the system of the plaintiff, certain metal and plastic discs called "Dialites" for use as dial attachments on the dial handsets of the plaintiff. The defendants as cross-plaintiffs assert violation by plaintiff of the Sherman Anti-Trust Act, 15 U.S.C.A. § 1 et seq.

The so-called Dialites are sold by the defendants for the admitted purpose of distribution by the purchasers, customers of the plaintiff, as an advertising medium, to other customers of plaintiff for use on telephone handsets of the plaintiff. It is customary practice for the Dialite device to carry the advertiser's name and telephone number.

Plaintiff is required to file tariffs with the regulatory bodies in each state where

plaintiff operates, and with the Federal Communications Commission. The following provision appears in the tariffs of the plaintiff as filed with the Corporation Commission of the State of Oklahoma: "B. Use of Customer-Owned Facilities and Non-Approved Devices—Customers must not use or permit to be used any circuit, electrical or mechanical apparatus or device in connection with the equipment or facilities furnished by the Telephone Company whether by physical, inductive or other means except as provided in this tariff or permit the attachment of any advertising devices except upon the approval of the Telephone Company."

Substantially similar provisions are contained in the tariffs filed in each of the other states and with the Federal Communications Commission.

The Telephone Company furnishes facilities for the use of subscribers. It does not make a sale or lease of the equipment. Board of Public Utility Commissioners v. New York Telephone Company, 271 U.S. 23, 46 S.Ct. 363, 70 L.Ed. 808. Moreover, it appears that plaintiff's customers and subscribers sign service contracts, in most instances, whereby they agree to be bound by the tariffs filed by the Telephone Company. Defendants have knowledge of these circumstances and their sales of Dialite devices, with this knowledge, for intended use on the handsets of plaintiff constitute repeated and continuing inducements to the customers of plaintiff to breach their contracts with the plaintiff.

■ The evidence further discloses that the telephone equipment is complex and delicate and that the Dialite device in many instances interferes with the operation of the dial in its most efficient manner. Damage to the telephone instrument itself has been occasioned when attempts to remove the dial device have been made. There is evidence that the Dialite device sometimes causes confusion as to the origin of toll calls. Changes in the telephone numbers

of the advertisers may also result in less efficient operation. These consequences attending the use of the Dialite device when taken in connection with the fact that the telephone company is deprived of the use of the dial center space for instructions to the users (such as the admonition "Wait for Dial Tone") compel the conclusions that the tariff provisions, in this respect, are necessary, reasonable and in the public interest.

There is nothing in the evidence to sustain the contention of the defendant that the plaintiff has acted in such manner as to waive or estop itself now to assert here the provisions of the tariffs as filed.

■ Plaintiff has combined with the other Bell Telephone System companies and with the American Telephone and Telegraph Company, the parent corporation, to promulgate and to enforce these tariff provisions for the purpose of preventing the use of foreign attachments on telephone instruments. But the facts do not establish such a conspiracy or combination in restraint of trade or commerce among the several states as that contemplated by the Sherman Anti-Trust Act. Such an agreement to effect a legal purpose is not prohibited. The cross-claim of the defendant is, therefore, dismissed.

■ The repeated and continuing interference by defendants with the contractual relationship between the plaintiff and its customers is tortious and should be enjoined. Angle v. Chicago, St. Paul, Minneapolis & Omaha Ry. Co., 1894, 151 U.S. 1, 13–15, 14 S.Ct. 240, 38 L.Ed. 55; Bitterman v. Louisville & Nashville R. Co., 1907, 207 U.S. 205, 222–23, 28 S.Ct. 91, 52 L.Ed. 171; American Malting Co. v. Keitel, 2 Cir., 1913, 209 F. 351, 357, 360; Brooklyn National League Baseball Club v. Pasquel, D.C.E.D.Mo.1946, 66 F.Supp. 117.

Defendants are enjoined, therefore, from selling, giving away or otherwise distributing the Dialite devices to subscribers and users of equipment of the plaintiff.