### SAVOY RECORD CO., Inc. v. MERCURY RECORD CORP. et al.

#### Clv. No. 936.

United States District Court
D. New Jersey.

Dec. 19, 1952.

958

Jack L. Cohen, Newark, for plaintiff.

Milton B. Levin, Newark, for defendant, Mercury Record Corp.

MODARELLI, District Judge.

Plaintiff. applies for a preliminary injunction to restrain defendant, Mercury Record Corporation, from the further manufacture and sale of recordings of one Melvin Lightsey, known professionally as Mel Walker. No consideration can be given to the application against defendant Lightsey who was not · served.

On March 23, 1951, plaintiff entered into a two-year contract with Lightsey by which plaintiff was exclusively entitled to Lightsey's services as a vocalist in the production of commercial sound records. On June 11, 1952, during the term of this agreement, Lightsey entered into a contract with Mercury Record Corporation for the production of sound recordings.

The president of plaintiff-corporation, Herman Lubinsky, has filed an affidavit in which he states that Lightsey had been advised by Mercury that Lightsey's contract with plaintiff was nothing to worry about and that Mercury knew how to get Lightsey out of it. Lubinsky states further that Mercury had admitted to him that they were in the wrong and suggested a settlement. As usual, these statements are denied in affidavits filed by defendant.

■ Unjustifiable interference with the contractual relations of another is an actionable wrong:

"Merely to persuade a person to break his contract may not be wrongful 'in law or in fact;' but if 'the persuasion be used for the indirect purpose of injuring the plaintiff, or of benefiting the defendant, at the expense of the plaintiff, it is a malicious act, which is in law and in fact * * * a wrongful act, and therefore an actionable act if injury ensues from it.'" Louis Schlesinger Co. v. Rice, 1950, 4 N.J. 169, 180, 72 A.2d 197, 203.

See also Louis Kamm, Inc., v. Flink, E. & A. 1934, 113 N.J.L. 582, 175 A. 62, 99 A.L.R. 1; Hallmark, Productions v. Mosley, 8 Cir., 1951, 190 F.2d 904, 909; Southwestern Bell Tel. Co. v. Dialite Dial Co., D.C.W.D. Okl.1951, 102 F.Supp. 872; and Brooklyn Nat. League Baseball Club v. Pasquel, D.C. E.D.Mo.1946, 66 F.Supp. 117, 119.

The defense is interposed that Lightsey filed a voluntary petition in bankruptcy in the Southern District of New York and was discharged on May 29, 1952. Defendant states that Lightsey did not enter into his contract with defendant until June 11, 1952, subsequent to his discharge in bankruptcy, and that then his obligations under the contract with plaintiff were dissolved by the bankruptcy action, and, therefore, no action can be maintained based upon the latter contract.

■ The court notes with more than passing interest the only "debt" listed on the schedule annexed to Lightsey's petition for discharge in bankruptcy was his contract with plaintiff. No monies were due to flow from Lightsey to plaintiff under that executory contract for services. It can reasonably be inferred the petition in bankruptcy was filed for the sole purpose of evading Lightsey's obligations under his contract with plaintiff. Such a purpose violates the spirit and purposes of the

bankruptcy act which is to convert the assets of the bankrupt into cash for distribution among creditors, and then to relieve the honest but unfortunate debtor from the weight of oppressive indebtedness, and permit him to start afresh, free from the obligations consequent upon business misfortunes. Wright v. Union Central Life Insurance Co., 1938, 304 U.S. 502, 58 S.Ct. 1025, 82 L.Ed. 1490; Kreitlein v. Ferger, 1915, 238 U.S. 21, 35 S.Ct. 685, 59 L.Ed. 1184; Williams v. U. S. Fidelity & Guarantee Co., 1915, 236 U.S. 549, 35 S.Ct. 289, 59 L.Ed. 713; and Hanover National Bank of City of N. Y. v. Moyses, 1902, 186 U.S. 181, 22 S.Ct. 857, 46 L.Ed. 1113.

Was Lightsey an honest and unfortunate debtor? What business misfortunes dogged his steps? What oppressive indebtedness rested upon his shoulders by virtue of his contract with plaintiff? The court feels that these questions must be answered in the negative.

■ If this court were to allow defendant to profit from the use of bankruptcy process as a device to escape just obligations freely contracted for, it would be placing its stamp of approval thereon and encouraging dissatisfied obligors to give study to that device as a novel means for shedding their contractual obligations. This court cannot countenance such a practice.

■ The grant or denial of a preliminary injunction rests within the sound discretion of the court. Meiselman v. Paramount Film Distributing Corp., 4 Cir., 1950, 180 F.2d 94 and Home Decorators, Inc. v. Herfort, 5 Cir., 1950, 179 F.2d 398.

This is not the ordinary breach of contract case where money damages would suffice. Irreparable injury would here result from a denial of the injunction. In such circumstances, the Second Circuit has approved the grant of a preliminary injunction:

"The District Court has found on affidavits which adequately show it that the defendant's services are unique and extraordinary. A negative covenant in a contract for such personal services is enforceable by injunction where the damages for a breach are incapable of ascertainment." Madison Square Garden Corporation, Ill. v. Carnera, 2 Cir., 1931, 52 F.2d 47, 49.

■ While a court of equity will not decree specific performance of a contract for personal services, it has power to enjoin the performances of such services for others and will do so where the services are unique and cannot be purchased from others, and damages for breach of the contract cannot, therefore, be measured with certainty. Lumley v. Wagner, 1 DeG. M. & G. 604; Lumley v. Gye, 2 El. & Bl. 216; and Errington v. Aynesly, 2 Bro.Ch.Cas. 343. The courts of this state have consistently followed the philosophy of these cases. Mantell v. International Plastic Harmonica Corp., E. & A.1947, 141 N.J.Eq. 379, 391, 55 A.2d 250, 173 A.L.R. 1185; Essex Specialty Co., Inc., v. Bueschel, Ch. 1934, 116 N.J.Eq. 337, 339, 173 A. 595; Tribune Ass'n v. Simonds, Ch.1918, 104 A. 386, 389; and Myers v. Steel Machine Company, Ch.1904, 67 N.J.Eq. 300, 315, 57 A. 1080. See also Madison Square Garden Corp. v. Braddock, 3 Cir., 1937, 90 F.2d 924, 926 and Shubert Theatrical Co. v. Rath, 2 Cir., 1921, 271 F. 827, 830, 20 A.L.R. 846.

A preliminary injunction will issue restraining defendant, Mercury Record Corporation, from making, producing, recording, or selling any phonograph records of Melvin Lightsey during the pendency of this action.

An order may be submitted in conformity with the opinion herein expressed.