WILLIAMS *v.* UNITED STATES FIDELITY AND GUARANTY COMPANY.

ERROR TO THE COURT OF APPEALS OF THE STATE OF GEORGIA.

No. 80. Argued January 18, 1915.—Decided February 23, 1915.

Statutes should be sensibly construed, with a view to effectuating the legislative intent.

It is the purpose of the Bankruptcy Act to convert the assets of the bankrupt into cash for distribution among creditors and then relieve the honest debtor from the weight of oppressive indebtedness and permit him to start afresh free from obligations and responsibilities consequent upon business misfortunes.

Within the intendment of the bankruptcy law provable debts include all liabilities of the bankrupt founded on contract, express or implied, which at the time of the bankruptcy were fixed in amount or susceptible of liquidation.

Under the provisions of the Bankrupt Act, the surety of the bankrupt either shares, or enjoys due opportunity to share, in the principal's

estate, and, therefore, the discharge of the bankrupt acquits the obligation between them incident to the relationship.

A discharge in bankruptcy acquits the express obligation of the principal to indemnify his surety against loss by reason of their joint bond conditioned to secure his faithful performance of a building contract broken prior to the bankruptcy although the surety did not pay the consequent damage until thereafter.

11 Ga. App. 635, reversed.

THE facts, which involve the construction of the Bankruptcy Act and effect of a discharge in bankruptcy, are stated in the opinion.

*Mr. J. Howell Green* and *Mr. Alex. C. King* for plaintiff in error.

*Mr. Alex. W. Smith, Jr.*, with whom *Mr. Alex. W. Smith* was on the brief, for defendant in error:

A discharge in bankruptcy shall release a bankrupt from all his provable debts, and the "provable debt" from which the bankrupt is released means an obligation susceptible of being presented in such form as to come within some one or more of the classes of debts designated in § 63-*a*. 1 Remington on Bankruptcy, § 628.

The question whether or not a debt is provable turns upon its status at the time of the filing of the petition. *Id.*, § 629; *Zavelo* v. *Reeves*, 227 U. S. 625.

Unliquidated claims against the bankrupt may, pursuant to application to the court, be liquidated in such manner as it shall direct, and may thereafter be proved and allowed against his estate.

Section 63-*b* adds nothing to the class of debts prescribed under 63-*a*. It merely permits the liquidation of an unliquidated claim provable under the latter provision. *Dunbar* v. *Dunbar*, 190 U. S. 340; *Coleman Co.* v. *Withoft*, 195 Fed. Rep. 250; *In re Roth & Appel*, 181 Fed. Rep. 673; *In re Adams*, 130 Fed. Rep. 381.

Contingent claims are not provable under the act of

1898. 1 Remington, § 640; *In re Roth*, 181 Fed. Rep. 673; *Coleman* v. *Withoft*, 195 Fed. Rep. 250.

Contingent is the quality of being casual; the possibility of coming to pass; an event which may occur; a possibility.

All anticipated future events, which are not certain to occur are contingent events, and may be properly denominated mere possibilities, more or less remote.

A contingent claim is one which has not accrued and which is dependent upon the happening of some future event. 2 Words & Phrases, p. 1498.

Sureties and endorsers on commercial paper and others similarly situated have a provable claim against their bankrupt principal even though at that time there has been no default on the part of the bankrupt. 1 Remington, §§ 642–645, and cases cited.

There is a very clear distinction between this class of cases and the case at bar, involving a surety for the "faithful performance" of a contract or duty by the bankrupt. 1 Remington, § 647.

Such claims are contingent: First, on a breach by bankrupt of the contract or duty.

Second, on actual pecuniary loss suffered by the surety as a consequence of said breach by the bankrupt.

The existence of either or both of said contingencies at the time of the filing of the petition in bankruptcy renders the claim of the surety non-provable, and therefore unaffected by the bankrupt's discharge. *Goding* v. *Rosenthal*, 6 A. B. R. 641 (Note); *Clemmons* v. *Brinn*, 7 A. B. R. 714; *Insley* v. *Garside*, 121 Fed. Rep. 699.

The distinction which reconciles the positions of both sides of this case and the authorities cited by them respectively, is that which exists between a contract assuming liability, and one indemnifying against loss. The terms of such contracts fix the law applicable to them respectively.

The distinction is clearly pointed out in the following cases: Contracts assuming liability: *Fenton* v. *Fidelity Co.*, 36 Oregon, 283; *Anoka Lumber Co.* v. *Fidelity Co.*, 3 Minnesota, 286; *Tucker* v. *Murphy*, 114 Georgia, 662; *Thomas* v. *Richards*, 124 Georgia, 942; *Mills* v. *Dows Adm'r*, 133 U. S. 423, 432; *Johnson* v. *Risk*, 137 U. S. 300, 308.

Contracts indemnifying against loss: *Carter* v. *Ætna Ins. Co.*, 76 Kansas, 275; *Allen* v. *Ætna Ins. Co.*, 145 Fed. Rep. 881; *Connelly* v. *Bolster*, 187 Massachusetts, 266; *Harvey* v. *Daniel*, 36 Georgia, 562; *Wicker* v. *Hoppock*, 6 Wall. 94; *Insley* v. *Garside*, 121 Fed. Rep. 699; *National Bank* v. *Bigler*, 83 N. Y. 62.

The contract recovered on in the case at bar is a contract of indemnity and falls within the latter class in all of which it is well-nigh universally held that to recover for a breach, loss or damage must be sustained by actual payment of money, or its equivalent under the law.   16 Am. & Eng. Encyc., 2d ed., 178 (a) and notes; 22 Cyc. 79–92.

Indemnity means an obligation to make good a loss; no loss, no obligation.

Mr. Justice McReynolds delivered the opinion of the court.

This cause presents the following question: Does a discharge in bankruptcy acquit an express obligation of the principal to indemnify his surety against loss by reason of their joint bond conditioned to secure his faithful performance of a building contract broken prior to the bankruptcy when the surety paid the consequent damage thereafter?

R. P. Williams and J. B. Carr, as partners, entered into a contract with certain school trustees—April, 1900,—to construct a building in Florida, and, with defendant in error company as surety, gave a bond guaranteeing its

faithful performance. Contemporaneously with the execution of the bond and as a condition thereto, the partners made a written application to the company in which they obligated themselves "to indemnify the said United States Fidelity & Guaranty Company against all loss, costs, damages, charges and expenses whatever, resulting from any act, default, or neglect of ours that said United States Fidelity & Guaranty Company may sustain or incur by reason of its having executed said bond or any continuation thereof."

November 9, 1900, the partners abandoned the contract; the trustees took possession and completed the structure April 13, 1901, and on May 14 following they made adequate demands for payment of the amount expended beyond the contract price. This being refused they brought suit and recovered a judgment against the company July 1, 1904, which it satisfied February 20, 1905, by paying $5,475.36.

Voluntary petitions were filed by partnership and members May 28, 1901, and all were immediately adjudged bankrupt. The schedules specified the building contract, its breach and the bond, and their adequacy is not now questioned. In due time the school trustees proved their claim and it was allowed. October 5, 1901, the petitioners received their discharges. No dividend was declared, all the assets being required for administration expenses.

Defendant in error brought suit in the City Court of Atlanta against the firm and its members—August, 1911,—setting up the written promise made to it when the bond was executed and asking judgment for the amount paid in satisfaction of the recovery thereon, together with attorneys' fees. The matter was submitted upon an agreed statement of facts and judgment went in favor of the company; this was affirmed by the Court of Appeals of Georgia (11 Ga. App. 635) and the cause is here upon writ of error.

The state court treated the written contract of indemnity between the bankrupts and the surety company as the expression of what would have been implied and declared (p. 644): "The bankrupts owed the surety nothing at the time the petition in bankruptcy was filed, because the surety had paid nothing for their benefit and the relation of debtor and creditor did not exist between them until after actual payment by the surety. . . . The surety had no claim against the bankrupts which it could file in its own name. . . . The liability to the surety by the bankrupts was altogether contingent and might never have arisen. Indeed, we hold that at the time the petition in bankruptcy was filed the surety had no claim or debt against the bankrupts which could have been proved in the bankrupt court under § 63 of the bankrupt act."

Counsel for the company "contend that the claim at bar was subject to two contingencies, one of which, to wit, the sustaining or incurring of actual pecuniary loss, resultant to the principal's act, had not arisen at the time of the filing of the petition. Therefore said claim was not an unliquidated claim upon an express contract absolutely owing at the time. It was a contingent claim, and as such not provable and therefore not affected by the bankrupt principal's discharge."

If the doctrine announced by the court below and maintained here by counsel is correct, a discharge in bankruptcy may have very small value for the luckless debtor who has faithfully tried to secure his creditors against loss; and, in effect, a demand against him may be kept alive indefinitely according to the interest or caprice of his surety.

It is the purpose of the Bankrupt Act to convert the assets of the bankrupt into cash for distribution among creditors and then to relieve the honest debtor from the weight of oppressive indebtedness and permit him to

start afresh free from the obligations and responsibilities consequent upon business misfortunes. *Wetmore* v. *Markoe,* 196 U. S. 68, 77; *Zavelo* v. *Reeves,* 227 U. S. 625, 629; *Burlingham* v. *Crouse,* 228 U. S. 459, 473. And nothing is better settled than that statutes should be sensibly construed, with a view to effectuating the legislative intent. *Lau Ow Bew* v. *United States,* 144 U. S. 47, 59; *In re Chapman,* 166 U. S. 661, 667.

The statute (July 1, 1898, c. 541, 30 Stat. 544), as amended in 1903 (February 5, 1903, c. 487, 32 Stat. 797), provides: Section 17. "A discharge in bankruptcy shall release a bankrupt from all of his provable debts, except such as . . . (2) are liabilities for obtaining property by false pretenses or false representations." Section 63. "Debts of the bankrupt may be proved and allowed against his estate which are . . . (4) founded upon an open account, or upon a contract express or implied; . . . Unliquidated claims against the bankrupt may, pursuant to application to the court, be liquidated in such manner as it shall direct, and may thereafter be proved and allowed against his estate." Section 1. (11). "Debt shall include any debt, demand, or claim provable in bankruptcy." Section 2. Courts of bankruptcy have jurisdiction to "(6) bring in and substitute additional persons or parties in proceedings in bankruptcy when necessary for the complete determination of a matter in controversy; . . . (15) make such orders, issue such process, and enter such judgments in addition to those specifically provided for as may be necessary for the enforcement of the provisions of this Act." Section 57-*i*. "Whenever a creditor, whose claim against a bankrupt estate is secured by the individual undertaking of any person, fails to prove such claim, such person may do so in the creditor's name, and if he discharge such undertaking in whole or in part he shall be subrogated to that extent to the rights of the creditor." General Order

XXI.—4. "The claims of persons contingently liable for the bankrupt may be proved in the name of the creditor when known by the party contingently liable. When the name of the creditor is unknown, such claim may be proved in the name of the party contingently liable; but no dividend shall be paid upon such claim, except upon satisfactory proof that it will diminish *pro tanto* the original debt." Section 16. "The liability of a person who is a co-debtor with, or guarantor or in any manner a surety for, a bankrupt shall not be altered by the discharge of such bankrupt."

Within the intendment of the law provable debts include all liabilities of the bankrupt founded on contract, express or implied, which at the time of the bankruptcy were fixed in amount or susceptible of liquidation. *Dunbar* v. *Dunbar,* 190 U. S. 340, 350; *Crawford* v. *Burke,* 195 U. S. 176, 187; *Grant Shoe Co.* v. *Laird,* 212 U. S. 445, 448; *Zavelo* v. *Reeves,* 227 U. S. 625, 631. It provides complete protection and an ample remedy in behalf of the surety upon any such obligation. He may pay it off and be subrogated to the rights of the creditor; if the creditor fails to present the claim for allowance against the estate he may prove it; and in any event he has abundant power by resort to the court or otherwise to require application of its full *pro rata* part of the bankrupt's estate to the principal debt. To the extent of such distribution the obligation of the bankrupt to the surety will be satisfied. Although, unlike the act of 1867, the present one contains no express provision permitting proof of contingent claims, it does in substance afford the surety on a liability susceptible of liquidation the same relief possible under the earlier act, *i. e.* application to the principal debt of all dividends declared out of the estate (act of March 2, 1867, §§ 19, 27, c. 176, 14 Stat. 517, 525, 529). And as the surety thus either shares or enjoys an opportunity to share in the principal's estate, we think the discharge of the latter

acquits the obligation between them incident to the relationship. *Mace* v. *Wells*, 7 How. 272, 276; *Fairbanks* v. *Lambert*, 137 Massachusetts, 373, 374; *Hayer* v. *Comstock*, 115 Iowa, 187, 191; *Post, Admr.*, v. *Losey*, 111 Indiana, 74, 80; *Smith* v. *Wheeler*, 55 App. Div. (N. Y.) 170, 171.

It would be contrary to the basal spirit of the Bankrupt Law to permit a surety, by simply postponing compliance with his own promise in respect of a liability until after bankruptcy, to preserve a right of recovery over against his principal notwithstanding the discharge would have extinguished this if the surety had promptly performed as he agreed. Such an interpretation would effectually defeat a fundamental purpose of the enactment.

The written indemnity agreement embodied in the bankrupt's application to the surety company for execution of the bond, so far as its terms are important here, but expressed what otherwise would have been implied from the relationship assumed by the parties. At the time of the bankruptcy the obligation under this agreement was ancillary to a liability arising out of a contract estimation of which was easy of establishment by proof. There was no uncertainty which could prevent the surety from obtaining all benefits to which it was justly entitled from the bankrupt estate.

Upon the facts presented we are of opinion that the discharge pleaded by the plaintiff in error constituted a good defense and the court below erred in holding otherwise. The judgment is accordingly reversed and the cause remanded for further proceedings not inconsistent with this opinion.

*Reversed.*