## SAMUELS v. E. F. DREW & CO., Inc.

### Claim of PRODUCE BROKERS' CO., Limited.

#### (District Court, S. D. New York. June 1, 1922.)

1. **Receivers ☜151—Claim of drawer or guarantor of bill disallowed, to extent that it duplicates holder's claim.**

   The claim of a drawer or guarantor of bills against the estate of an insolvent in the hands of receivers must be disallowed, to the extent that it duplicates the claim of the holder of the bills, as a case of double proof.

2. **Receivers ☜147—Claim of drawer or guarantor of bill, for amount of liability in excess of amount allowed holder, not allowed.**

   Where bills and other claims against the estate of an insolvent, maturing after the appointment of receivers, are to be discounted from the date of such appointment, the contingent claim of a drawer or guarantor for the amount of its own liability as such to the holder, to the extent of the excess over the amount allowed the holder, and consisting of the discount, interest after maturity, re-exchange, or other charges, cannot be allowed, as its allowance would prevent equality between creditors, and involve proof of damages arising subsequent to the date as of which claims are to be determined, and, moreover, the claim is too uncertain.

3. **Receivers ☜149—Drawer or guarantor of bill only entitled to urge that holder's claim be allowed.**

   That the claim of the holder of an accepted draft against the estate of an insolvent in the hands of receivers has not been allowed only entitles the drawer or guarantor, who has not paid the draft, to urge that the holder's claim be allowed.

4. **Bills and notes ☜74—Claim of drawer or guarantor is for indemnity, and not exoneration.**

   The claim of the drawer or guarantor of a bill of exchange against the acceptor is not a claim to exoneration, but to indemnity, and is conditioned, not on its liability to pay, but on its actual payment of the claim of the holder.

5. **Principal and surety ☜173—Though, by arrangement between creditor and surety, surety's liability survives payment in securities, principal's obligation to surety is extinguished.**

   Where agreement for reorganization of insolvent corporation contemplates payment of assenting creditors in full, in securities of the new company, such payment will extinguish the principal obligation, and though, by special agreement between a creditor and a surety, to which the estate and other creditors are not parties, the creditors' claim against the surety remains unextinguished, the principal's contract to indemnify the surety is extinguished by the payment of that which, as between the parties, is given and accepted as payment in full.

In Equity. Suit by Sumner L. Samuels against E. F. Drew & Co., Inc. In the matter of the contingent claim of the Produce Brokers' Company, Limited. Claim disallowed.

Barry, Wainwright, Thacher & Symmers, of New York City, for Produce Brokers' Co., Limited.

Root, Clark, Buckner & Howland, of New York City (Lowenthal & Szold, of New York City, of counsel), for receiver.

MACK, Circuit Judge. The transactions out of which the claim arises are of three kinds: (1) Claimant paid in London sterling to Drew & Co.'s credit to cover cost of goods bought by Drew. To

reimburse itself it drew 90-day bills on Drew & Co., payable not in London for the same amount sterling, with interest and commissions, if any, but payable in New York in dollars. (2) For cash advanced by claimant, it drew bills on Drew & Co., payable in sterling. (3) Claimant, as vendor of goods to Drew & Co., guaranteed payment of drafts drawn by the original shippers of the goods in Ceylon on Drew & Co., payable in sterling. All bills matured after the appointment of the receiver. Claimant has become liable as drawer in 1 and 2, and as guarantor in 3, and has paid some of the interest on 1 and 3 accruing after maturity, as well as a part of the principal of 3.

I have heretofore held (286 Fed. 278), on objections to claims filed by holders of some of these bills, that the amount of all claims against the estate is to be ascertained as of October 30, 1920, the date of the appointment of the receiver; therefore that dollars claims maturing thereafter are to be discounted at the rate of 6 per cent. per annum from October 30, 1920, to maturity, and sterling claims similarly discounted are to be allowed in dollars at the rate of exchange prevailing on October 30, 1920. These principles are to be applied in determining the amount of the allowance of claims filed by the holders of the bills in question.

Claimant, though not the holder of the bills, asserts a contingent claim against Drew & Co. as acceptor for the amount of its own liability as drawer or guarantor to the holder, at any rate for so much thereof as is in excess of the amount to be allowed to such holder against the Drew & Co. estate as acceptor; that the acceptor's liability to the holder of the bill, that is, to the payee or any one holding under him, is on the bill itself, and is limited to its face amount, with interest, while his liability to the drawer or guarantor is on an express or implied contract of indemnity for all damages that may be suffered in case of his default. That the latter obligation may be greater because of re-exchange or other expenses, and, in any event, is distinct from the former, may be conceded. We are, however, concerned here, not with the obligation enforceable at law in personam against the acceptor, but with the proportionate participation in a fund which came into the hands of the court for administration on October 30, 1920.

[1, 2] To the extent that the claim duplicates that of the holder, it is a clear case of double proof, and must be disallowed. In so far as the claim consists of interest after maturity, or of the discount deducted from the face of the bills for the period from October 30, 1920, to maturity, it is obvious that such an allowance would give a preferential right to the contingent claimant over other claimants, whether holders of bills or merchandise creditors to whom no interest is allowed after October 30, 1920. It would thus run counter to the rule of equality between creditors which underlies the fixing of October 30, 1920, as the date as of which all claims are to be ascertained. If, as between A. and B., holders of bills either bearing different rates of interest or maturing at different times, and as such participants in an insolvent estate, the rule of equality requires the allowance of no interest after October 30, 1920, it would seem clear that A.'s pro rata participation should not be diminished because the drawer or guarantor of B.'s bill is contin-

gently liable for, or subsequent to October 30, 1920, has actually paid, in addition to the principal, interest, re-exchange, or other charges. See Williams v. U. S. Fidelity & Guar. Co., 236 U. S. 549, 35 Sup. Ct. 289, 59 L. Ed. 713. Such a claim is objectionable as between creditors of an insolvent estate as involving proof of damages arising subsequent to the date fixed as of which all claims are to be determined.

[3, 4] That the claim of Guaranty Trust Company, one of the holders of these drafts, has not yet been allowed, is equally immaterial. Produce Brokers' Company could at best urge that in its interest the Guaranty Company's claim should be allowed. Its own claim as drawer or guarantor is not a claim to exoneration, but to indemnity; it is conditioned, not upon its liability to pay, but upon its actually taking up and discharging the claim of the holder. Apart from all other objections, it is entirely uncertain whether, when, for what amount, and with what damages that contingent claim will ripen into an absolute claim. At the time claims were to be filed it was, and it now is, too uncertain to permit claimant to share in the estate.

Nor are the relative rights of the several creditors altered by the reorganization agreement provisions for eventual payment in full of all assenting creditors. The agreement contemplates that the claims of assenting creditors inter sese shall be governed by the determination of these claims in relation to all claims, assenting and nonassenting. That determination concededly is on the basis of participation in an insolvent estate.

[5] Furthermore, the reorganization agreement contemplates that the securities of the new company are to be taken as payment in full of the claim against the estate. That payment will therefore extinguish the principal obligation. If, because of any special agreement between the creditor and the surety or drawer, an agreement to which the estate and other creditors are not parties, the creditor's claim against such surety or drawee remains unextinguished, nevertheless there can be no further liability under the principal's contract of indemnity. The basis of such liability, the surety's payment of the principal's obligation, is gone when the principal itself, through the reorganization arrangements, pays its own obligations in that which, as between the parties, is given and accepted as payment in full of that obligation, even though by arrangement between creditor and surety the latter's obligation is preserved.

The objections to the claim are sustained.