**In re TROSKY et al.**
**No. 50626.**

District Court, S. D. New York.
Dec. 22, 1931.

William Skolnick, of New York City, for Nathan Sipkin.

Abraham B. Albert, of New York City, for Abraham Trosky.

PATTERSON, District Judge.

This motion to amend the schedules filed by a bankrupt to add the name of a creditor not originally listed is denied. The adjudication of bankruptcy occurred on February 18, 1931. The time for filing proofs of claim by creditors therefore expired on August 18, 1931, by section 57 of the Bankruptcy Act as amended by the Act of May 27, 1926 (11 USCA § 93). This notice of motion to add a creditor not originally listed was made on December 1, 1931, prior to any application for discharge. The moving papers do not show that any notice of the bankruptcy came to the creditor, and the latter by affidavit explicitly denies any knowledge of his debtor's bankruptcy until receipt of the notice of motion.

Even if the omitted creditor's name were now to be added to the schedules, the debt owed to him would not be affected by any discharge that the bankrupt might obtain. Section 17 of the act (11 USCA § 35) excepts from dischargeable debts those which "have not been duly scheduled in time for proof and allowance," with the name of the creditor if known to the bankrupt, unless the creditor had notice or knowledge of the bankruptcy proceedings. It being evident that this creditor had no such notice, the debt owed to him would not be discharged, even if this motion, made more than six months after adjudication, were granted.

This being the case, it seems to me that the motion should be denied. The two purposes of the Bankruptcy Act are to distribute the bankrupt's assets among his creditors and to relieve the honest debtor from the weight of his debts. Williams v. United States Fidelity & Guaranty Co., 236 U. S. 549, 35 S. Ct. 289, 59 L. Ed. 713. Where the application to add a creditor's name to the schedules is made after the expiration of the time for filing proofs of claim, and it is not shown that the creditor had notice or knowledge of the bankruptcy, both of these purposes of the act are unattainable as to that creditor. He cannot get a dividend on his claim (section 57), and the discharge of the bankrupt will be inoperative as to him (section 17). No useful purpose, therefore, would be served by including his claim in the schedules at such a late date. On the contrary, confusion and embarrassment to the creditor might well be the outcome, if the application of the bankrupt to add his claim were granted. The assumption, erroneous though it is, would be that his claim was thereby rendered dischargeable. I do not agree with the statement in Remington on Bankruptcy, § 585, that on principle creditors whenever discovered might be added to the schedules, such right being distinguishable from the effect of lack of due scheduling upon the discharge. For the above reasons, the relief asked for will be denied.