**In re Tony Eugene DILLON, Shonda Thomas Dillon, Debtors.**

**Shonda Thomas DILLON, Plaintiff,**

**v.**

**VIRGINIA STATE EDUCATION AUTHORITY, Defendant.**

Bankruptcy No. 7–92–01264–HPR–7.

Adv. No. 7–94–00060.

United States Bankruptcy Court,
W.D. Virginia,
Roanoke Division.

June 29, 1994.

Charles R. Allen, Roanoke, Virginia, for Debtors/Plaintiff.

Daniel G. Bloor, Assistant Attorney General, Commonwealth of Virginia, Richmond, Virginia, for Virginia State Education Authority/Defendant.

### MEMORANDUM OPINION

H. CLYDE PEARSON, Bankruptcy Judge.

■ The Court having heretofore entered its Order finding that the educational loan, which is the subject matter of this Adversary Proceeding, falls within the category of those loans where repayment would work an undue hardship upon the Debtor to pay and, therefore, adjudged that the said loan was dischargeable. To supplement the said Order, the Court makes the following additional findings and conclusions.

---

The Debtors are husband and wife. This Adversary Proceeding deals only with the obligation of Shonda Thomas Dillon who incurred the debt in question as an educational loan for furthering her educational interests and seeks a discharge herein.

This young couple's only possessions are their household goods and personal items as well as two automobiles: one 1979 Oldsmobile, which is 14 years old, and a 1983 Mercury which is 11 years old. They rent their home with rental charges running from $350.00 to $500.00 per month. The husband is employed, although not full time, with gross earnings of approximately $992.00 per month. They have two small children; and the wife, Plaintiff herein, works and earns $5.35 per hour and, to do so, is required to place the children in day care at a rate of $35.00 per week. In addition they have expenses for food of $350.00 per month; furniture payments, $100.00 per month; dry cleaning, $20.00; cable, $35.00; and medical and other expenses in excess of $200.00 to $300.00 per month. The evidence shows that both Debtors' employment is not with a substantial income nor with a permanent basis. They maintain their home and the support of the two children upon such incomes which they presently earn. There is no evidence that their future earnings will substantially increase.

■ As an initial matter, the Court notes that the Bankruptcy Code generally is to be liberally construed in favor of the debtor. *See Williams v. USF & G,* 236 U.S. 549, 35 S.Ct. 289, 59 L.Ed. 713 (1915); *Roberts v. W.P. Ford & Son,* 169 F.2d 151, 152 (4th Cir.1948) (citing *Johnston v. Johnston,* 63 F.2d 24, 26 (4th Cir.1933) and *Lockhart v. Edel,* 23 F.2d 912, 913 (4th Cir.1928)). This universally recognized purpose serves to "relieve the honest debtor from the weight of oppressive indebtedness and permit him to start afresh." *Local Loan v. Hunt,* 292 U.S. 234, 244, 54 S.Ct. 695, 699, 78 L.Ed. 1230 (1934) (citations omitted). This same "honest but unfortunate debtor" is thus provided with "a new opportunity in life and a clear field for future effort, unhampered by the pressure and discouragement of preexisting debt." *Grogan v. Garner,* 498 U.S. 279, 286, 287, 111 S.Ct. 654, 659, 659, 112 L.Ed.2d 755, 764, 765 (1991); *Perez v. Campbell,* 402 U.S. 637, 648, 91 S.Ct. 1704, 1710, 29 L.Ed.2d 233, 241 (1971); *Local Loan v. Hunt,* 292 U.S., at 244, 54 S.Ct., at 699; *Johnston v. Johnston,* 63 F.2d, at 26; *Royal Indemnity Co. v. Cooper,* 26 F.2d 585, 587 (4th Cir.1928).

This Court, upon trial of this matter, heard the evidence including the testimony of the witnesses. It observed the candor, demeanor, truthfulness, and forthright testimony of the witnesses as well as their credibility and makes the findings and conclusions herein.

The Court, having reviewed all the evidence, finds and concludes that it would work an undue hardship on this Debtor and her family under 11 U.S.C. § 523(a)(8)(B) if the repayment of the said loan should be ordered by this Court. Therefore, the loan will be adjudged dischargeable.