**In re Ricky T. NELSON, Wanda Sue Nelson, Debtors.**

**Bankruptcy No. 7–94–00328–HPB–13.**

United States Bankruptcy Court,
W.D. Virginia,
Big Stone Gap Division.

Aug. 17, 1994.

J. Daniel Kilgore, Wise, VA, for debtors.

Jo S. Widener, Bristol, VA, for trustee.

## MEMORANDUM OPINION AND ORDER

H. CLYDE PEARSON, Bankruptcy Judge.

■ The legal issue before the Court is whether or not a mobile home and lot upon which the same is located is exempt property which was purchased by workmen's compensation benefits under Va.Code § 65.2–531.

The parties have stipulated the material facts relevant to the issue.

The Debtor has filed a Modified Plan providing for no payments to general unsecured creditors. The Trustee has objected on the grounds that the mobile home and lot are property which must be considered in determining whether or not the Plan is feasible under § 1322(a)(4), which in effect would require that these properties be included as distributable assets if it was a Chapter 7 case.

Section 65.2–531 of the Va.Code provides that "[n]o claim for compensation under this title shall be assignable. All compensation and claims therefor shall be exempt from all claims of creditors, even if the compensation is used for purchase of shares in a credit union, or deposited into an account for the financial institution or other organization accepting deposits and is thereby commingled with other funds...." It is the Trustee's position that since the workmen's compensation benefits have been invested in the mobile home and lot that the funds are no longer exempt under the statute since they have been invested in these properties.

■ As an initial matter, the Court notes that the Bankruptcy Code generally is to be liberally construed in favor of the Debtor. *See Williams v. USF & G*, 236 U.S. 549, 35 S.Ct. 289, 59 L.Ed. 713 (1915); *Roberts v. W.P. Ford & Son*, 169 F.2d 151, 152 (4th Cir.1948) (citing *Johnston v. Johnston*, 63 F.2d 24, 26 (4th Cir.1933) and *Lockhart v. Edel*, 23 F.2d 912, 913 (4th Cir.1928)). This

universally recognized purpose serves to "relieve the honest debtor from the weight of oppressive indebtedness and permit him to start afresh." *Local Loan v. Hunt*, 292 U.S. 234, 244, 54 S.Ct. 695, 78 L.Ed. 1230 (1934) (citations omitted). This same "honest but unfortunate debtor" is thus provided with "a new opportunity in life and a clear field for future effort, unhampered by the pressure and discouragement of preexisting debt." *Grogan v. Garner*, 498 U.S. 279, 286, 287–88, 111 S.Ct. 654, 659, 659–60, 112 L.Ed.2d 755, 764, 765 (1991); *Perez v. Campbell*, 402 U.S. 637, 648, 91 S.Ct. 1704, 1710–11, 29 L.Ed.2d 233, 241 (1971); *Local Loan v. Hunt*, 292 U.S., at 244, 54 S.Ct. at 699; *Johnston v. Johnston*, 63 F.2d, at 26; *Royal Indemnity Co. v. Cooper*, 26 F.2d 585, 587 (4th Cir.1928).

 The rule of liberally construing a remedial statute like the one at issue here in favor of the debtor is recognized in Virginia as it pertains to the Virginia exemption statutes. *In re Smith*, 22 B.R. 866, 867 (Bankr. E.D.Va.1982) (citing *Home Owners Loan Corporation v. Reese*, 196 S.E. 625, 626, 170 Va. 275 (1938)); *Dickens v. Snellings (In re Snellings)*, 10 B.R. 949, 951 (Bankr.W.D.Va. 1981), (citing *Wilkinson v. Merrill*, 12 S.E. 1015, 87 Va. 513 (1891) and *Linkenhoker's Heirs v. Detrick*, 81 Va. 44 (1885)); *Goldburg v. Salyer*, 50 S.E.2d 272, 274, 188 Va. 573 (1948). The Court is mindful that, in construing the provisions which govern here, *supra*, it must "neither reduce nor enlarge the exemptions or read into the law an exemption not found there." *Goldburg*, 50 S.E.2d, at 277. Nevertheless, the Court also recognizes and agrees with the corollary principle that "any ambiguities found in state exemption laws must be resolved in favor of debtors." *In re Redmon*, 31 B.R. 756, 759 (Bankr.E.D.Va.1983) (citations omitted).

Section 65.2–531 is explicit and unambiguous. It simply states that no claim for compensation and all compensation and claims therefor shall be exempt from all claims of creditors. It does not say that once the funds are invested in other properties they become nonexempt. That construction cannot be read into the statute, which would be in violation of the authorities hereinabove cited. The Court must also conclude that if the legislature had so intended, it would have so provided.

This Court has found only one case bearing on this subject matter which is the case of *In re Williams, Appellant, Schreiber, Trustee/Appellee*, No. 93–543–M (D.N.H. 1994); and the Court has found no reported case in Virginia. The case is reported in 171 B.R. 451 (D.N.H.1994).

In the *Williams* case, the Debtor had received workmen's compensation benefits, which were exempt under a similar New Hampshire statute, and purchased with said funds a 1984 Chevrolet motor vehicle which he claimed exempt in his Chapter 7 case. The district court, reversing the bankruptcy court, held that the motor vehicle was exempt, stating that there appears to be no basis upon which to distinguish a bank deposit comprised of workmen's compensation benefits from a car acquired with compensation benefits and that the thrust of the exemption statute was such that protection of property purchased by exempt proceeds from workmen's compensation benefits would be also exempt. The *Williams* decision by the district court was, and this Court agrees with its holding, that it would be useless to exempt workmen's compensation benefits received by an employee who is injured from which the benefits are derived and, yet, that employee could not invest those funds in other properties without losing his exemption status. It is clear that the Virginia legislature in passing § 65.2–531 and providing for exemptions therein fully intended that the proceeds from these funds and the purchase of property from the said funds would be exempt. This Court so holds.

It is, accordingly, **ORDERED** that the mobile home and lot purchased from the proceeds of workmen's compensation benefits, pursuant to § 65.2–531 of the Va.Code, are exempt properties and are not to be considered in determining whether or not the Plan of the Debtor herein conforms to the requirements of 11 U.S.C. § 1325(a)(4).