**In re Kathleen DEEL, Debtor.**

**Bankruptcy No. 7–97–01815–HPA–13.**

United States Bankruptcy Court,
W.D. Virginia,
Abingdon Division.

Sept. 11, 1997.

Thomas C. Antenucci, Copeland, Molinary & Bieger, Abingdon, VA, for Debtor.

Jo S. Widener, Bristol, VA, Trustee for Debtor.

**SUPPLEMENTING MEMORANDUM OPINION**

H. CLYDE PEARSON, Bankruptcy Judge.

As supplementing and enlarging upon the reasons stated in the record from the bench, this Court files this Memorandum.

█ This matter was before the Court pursuant to Confirmation of the Debtor's Chapter 13 Plan on August 19, 1997. Prior to the hearing, the Debtor filed an Adversary Proceeding to determine the validity of the IRS claim, in the amount of $465,427.72, alleging that the claim does not exist since it is a business tax against her husband's business. At the hearing, the Trustee was the only party raising the issue of whether the Debtor qualified under Chapter 13 if the claim is determined to be secured or unsecured under § 109. The IRS did not file an Objection to the confirmation nor appear at the confirmation hearing. The Court held that the issue of the IRS was contingent and unliquidated under § 109(e) and shall be heard and determined separately by the filed Adversary Proceeding pursuant to Bankruptcy Rule 7001. The determination of IRS matters may take several months or if appealed, a year or more to fully resolve. The Plan should be confirmed subject to such resolution of the Adversary Proceeding for the benefit of the debtor and other Creditors. The IRS appealed apparently upon the issue of whether this plan can be confirmed before the IRS matter is fully resolved. For the reasons set forth below, this Court having

held further, enlarges upon the issue that the Chapter 13 plan should be confirmed subject the resolution.

As an initial matter, the Court notes that the Bankruptcy Code generally is to be liberally construed in favor of the debtor. *See Williams v. US F & G Co.,* 236 U.S. 549, 35 S.Ct. 289, 59 L.Ed. 713 (1915); *Roberts v. W.P. Ford & Son Inc.,* 169 F.2d 151, 152 (4th Cir.1948)(citing *Johnston v. Johnston,* 63 F.2d 24, 26 (4th Cir.1933) and *Lockhart v. Edel,* 23 F.2d 912, 913 (4th Cir.1928)). This universally recognized principle serves to "relieve the honest debtor from the weight of oppressive indebtedness and permit him to start afresh." *Local Loan Co. v. Hunt,* 292 U.S. 234, 244, 54 S.Ct. 695, 699, 78 L.Ed. 1230 (1934) (citations omitted). This same "honest but unfortunate debtor" is thus provided with "a new opportunity in life and a clear field for future effort, unhampered by the pressure and discouragement of preexisting debt." *Grogan v. Garner,* 498 U.S. 279, 286, 111 S.Ct. 654, 659, 112 L.Ed.2d 755, 764, 765 (1991); *Perez v. Campbell,* 402 U.S. 637, 648, 91 S.Ct. 1704, 1710–11, 29 L.Ed.2d 233, 241 (1971); *Local Loan Co. v. Hunt,* 292 U.S. at 244, 54 S.Ct. at 699; *Johnston v. Johnston,* 63 F.2d, at 26; *Royal Indemnity Co. v. Cooper,* 26 F.2d 585, 587 (4th Cir.1928).

11 U.S.C. § 109(e) provides in pertinent part as follows:

(e) Only an individual with regular income that owes, on the date of the filing the petition, noncontingent, liquidated, unsecured debts of less than $250,000 and noncontingent, liquidated, secured debts of less than $750,000, ... may be a debtor under Chapter 13 of this title.

This statute places a limitation on the status of the debt to be noncontingent and liquidated. The IRS's claim is contingent and unliquidated and is in the process of being ruled on by this Court. This naturally brings into play 11 U.S.C. § 506 to determine the secured and unsecured portion of the claim for the purpose of determining eligibility for Chapter 13 relief. Section 506(a) provides as follows:

An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

Confirmation of a Chapter 13 Plan involves several sections of the Code. For instance, the resolution of the IRS claim and lien question must be heard by Adversary Proceeding. It must be determined that the IRS debt is owing and if so, is it secured or unsecured under § 506 and to what extent is it secured if indeed it is. It is then subject to an appeal by either party to the United States District Court. Thereafter, the District Court's decision is subject to appeal to the Fourth Circuit Court of Appeals, whose decision is also subject to an appeal by either party to the United States Supreme Court. This process could potentially linger for years, whereby the Creditors and the debtor in the pending Chapter 13 case would be detrimentally affected if the Plan is not confirmed subject the resolution of the Adversary Proceeding.

There are numerous consequences in a Chapter 13 Plan, as well as a step by step process in the confirmation of the plan. First, 11 U.S.C. § 1322(c) provides as to the contents of the plan, in pertinent part as follows:

Notwithstanding subsection (b)(2) and applicable nonbankruptcy law—

(1) a default with respect to, or that gave rise to, a lien on the debtor's principal residence may be cured under paragraph (3) or (5) of subsection (b) until such residence is sold at a foreclosure sale that is conducted in accordance with applicable nonbankruptcy law; and

(2) in a case in which the last payment on the original payment schedule for a claim secured only by a security interest in real

property that is the debtor's principal residence is due before the date on which the final payment of the plan is due, the plan may provide for the payment of the claim as modified pursuant to section 1325(a)(5) of this title.

Section 1322(b)(3) and (5) of the Bankruptcy Code permit a debtor to cure defaults in connection with a Chapter 13 plan, including a home mortgage loan. This amendment follows the fundamental bankruptcy principle allowing the debtor a fresh start, the right to modify confirmed plans in this Court.

Secondly, 11 U.S.C. § 1323 provides that "[t]he debtor may modify the plan at any time before confirmation" so long as it conforms to section 1322. 11 U.S.C. § 1329 allows modification of the plan by debtors after confirmation. Section 1329 states in pertinent part as follows:

(a) At any time after confirmation of the plan but before the completion of payments under such plan, the plan may be modified, upon request of the debtor, the trustee, or the holder of an allowed unsecured claim to—

(1) increase or reduce the amount of payments on claims of a particular class provided for by the plan;

(2) extend or reduce the time for such payments; or

(3) alter the amount of the distribution to a creditor whose claim is provided for by the plan, to the extent necessary to take account of any payment of such claim other than under the plan.

Sections 1322(a) and (b), 1323(c) and 1325(a) requirements still apply to the modification. Thus, it is clear from the statute that a confirmed plan is not written in concrete. It can be modified at a later date under the provisions of the Code. As such, once the IRS matter is determined by this Court, the plan can easily be modified to provide for such claim or otherwise, convert or dismiss the case pursuant to 11 U.S.C. § 1307.

This Memorandum supplements the Court's ruling from the bench.