### In re Glenda Yvonne Arrington KASEY, Debtor.

### Glenda A. KASEY, Plaintiff,

### v.

### PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AUTHORITY, Defendant.

Bankruptcy No. 7–97–02400–HPR–7.
Adversary No. 7–97–00208.

United States Bankruptcy Court,
W.D. Virginia,
Roanoke Division.

May 27, 1998.

474

James M. Zadell, Roanoke, VA, for debtor/plaintiff.

Howard J. Beck, Jr., Gentry, Locke, Rakes & Moore, Roanoke, VA, for defendant.

## MEMORANDUM OPINION·

H. CLYDE PEARSON, Bankruptcy Judge.

This adversary proceeding seeks a determination of the dischargeability of a student loan as it imposes an undue hardship on the Debtor and her dependents pursuant to 11 U.S.C. § 523(a)(8)(B).

The facts are as follows: Glenda A. Kasey ("Debtor") filed her Chapter 7 petition in this Court on June 20, 1997. Debtor obtained a student loan from Pennsylvania Higher Education Assistant Authority ("PHEAA") to prepare for a career in teaching. Debtor did not complete her training due to domestic problems for which she has undergone medical treatment for depression. The divorce proceedings are currently pending. The balance of the loan is approximately $15,000.00. She is currently legally separated from her husband and has custody of her three children, ages 15, 11, and 4. She has been working at the Home Shopping Network approximately 40 hours a week at $6.57 per hour. She receives monthly child support of $250.00. Her total monthly expenses are $1,414.00 (Exhibit A), which does not include an automobile payment. Debtor's net monthly income is $680.00 plus child support of $250.00, which totals $930.00 per month. Her monthly expenses far outweigh her monthly income. Debtor testified that she is allowed some overtime work during holidays. She further testified that she has received assistance from her father, but the amounts are undeterminable month-to-month; and she considers these loans, which she plans to repay. Debtor sought and was granted a forbearance several times and has made good faith payments on the loan.

As an initial matter, the Court notes that the Bankruptcy Code generally is to be liberally construed in favor of the debtor. *See Williams v. USF & G*, 236 U.S. 549, 35 S.Ct. 289, 59 L.Ed. 713 (1915); *Roberts v. W.P. Ford & Son Inc.*, 169 F.2d 151, 152 (4th Cir.1948) (*citing Johnston v. Johnston*, 63 F.2d 24, 26 (4th Cir.1933) and *Lockhart v. Edel*, 23 F.2d 912, 913 (4th Cir.1928)). This universally recognized principle serves to "relieve the honest debtor from the weight of oppressive indebtedness and permit him to start afresh." *Local Loan Co. v. Hunt*, 292 U.S. 234, 244, 54 S.Ct. 695, 78 L.Ed. 1230 (1934) (citations omitted). This same "honest but unfortunate debtor" is thus provided with "a new opportunity in life and a clear field for future effort, unhampered by the pressure and discouragement of preexisting debt." *Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755, 764, 765 (1991);

*Perez v. Campbell,* 402 U.S. 637, 648, 91 S.Ct. 1704, 29 L.Ed.2d 233, 241 (1971); *Local Loan Co. v. Hunt,* 292 U.S., at 244, 54 S.Ct. 695; *Johnston v. Johnston,* 63 F.2d, at 26; *Royal Indemnity Co. v. Cooper,* 26 F.2d 585, 587 (4th Cir.1928).

This Court, upon trial of this matter, heard the evidence including the testimony of the debtor as the only witness. It observed the candor, demeanor, truthfulness, and forthright testimony as well as credibility and makes the findings and conclusions herein.

11 U.S.C. § 523(a)(8)(B) states in pertinent part as follows:

> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt

> (8) for an educational benefit overpayment or loan made, insured or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution, or for an obligation to repay funds, unless

> (B) excepting such debt from discharge under this paragraph will impose an undue hardship on the debtor and the debtor's dependents;

■ 11 U.S.C. § 523(a)(8)(B) allows a debtor to discharge a student loan when failure to do so would "impose undue hardship on the debtor and the debtor's dependents." The Bankruptcy Code does not define "undue hardship" nor has the Fourth Circuit defined the same. This Court applies the three-prong test set forth in *Brunner v. New York State Higher Education Services,* 831 F.2d 395 (2nd Cir.1987), to the facts and evidence in the case. The Court summarized the three prongs as follows:

> (1) inability to maintain, based on current income, a minimal standard of living;

> (2) likelihood of this condition continuing in the future;

> (3) and the Debtor's good faith attempt to repay the loan.

■ In this case, Debtor's monthly income, including the child support, is $930.00. She is undergoing a divorce proceeding and suffers from severe depression. The Debtor's total monthly expenses surpass her monthly income by approximately $484.00, which apparently are met by contributions from her father. Several courts have been confronted with the issue of whether the Debtor's financial circumstances must be so oppressive that they reach a level of poverty before he or she is considered to fall below the "minimal" standard. For example, in the case of *In Re Ammirati,* 187 B.R. 902 (D.S.C.1995), which was affirmed by the Fourth Circuit Court of Appeals in an unpublished opinion, 85 F.3d 615 (4th Cir.1996), the court applied the three prong *Brunner* test and concluded that the terms "minimal standard of living" and "poverty" are not meant to be coextensive under *Brunner.* The court further stated that if the court determines whether the debtor can maintain a minimal standard of living by looking to the poverty guidelines, then, it is inevitable that "reference to such guidelines would provide an objective test for determining undue hardship." This apparently is unacceptable and rightly so. The *Ammirati* court concluded that " § 523(a)(8)(B) does not call for such an analysis." *Id.* at 906. *See also In Re Correll,* 105 B.R. 302 (Bankr.W.D.Pa.1989) (holding that Congress did not intend a fresh start to mean that families must live at poverty level before the court may discharge the educational loans).

In this case, the Debtor is employed earning an hourly wage of $6.37. She cannot even meet the minimal standards without assistance from her family, which is an undetermined amount each month and is classified by the Debtor as a loan. She did not complete her educational training and since she is now a single, working mother with three children, it is highly unlikely that her condition will change or improve in the foreseeable future. Even if she paid both furniture loans off and had zero clothing allowance, her expenses would still outweigh her monthly income. Additionally, Debtor has small children and will continue to incur expenses for day care services if she continues to work. Accordingly, this Court concludes that Debtor's financial circumstances are sufficient to meet the requirement under the first prong of *Brunner.*

· Secondly, with Debtor suffering from depression, which appears to be a debilitating problem, and supporting three children, all of which are still in school and will be for several years, and without her completed education, it is highly unlikely that her employment will improve in the future. There is no evidence to indicate that her condition of health will improve nor is there any evidence to show that her financial condition will improve in the foreseeable future. Finally, the Debtor testified that she attempted to make payments on the student loan and also sought forbearance on the loan. Since the Debtor is currently functioning below the minimal standard of living, she cannot possibly make payments.

From the facts and circumstances in this case, this Court finds and concludes that the requirements of section 523(a)(8)(B) are met and that the Debtor is unable to maintain a minimum standard of living for herself; that her condition is likely to continue in the future; and that the Debtor, in good faith, testified that she could not possibly make any payments on the loan. An appropriate Order will be entered.