Dear Mr. Carter:
You have requested an opinion from this office regarding several issues which have arisen as a result of a company, under investigation by the Louisiana Commission on Human Rights, filing a Chapter 11 Bankruptcy during that investigation.
The following are issues which you would like our office to address:
 7. Did the LCHR have a duty to file a proof of claim on behalf of Mr. Pitre?
 8. Can the LCHR proceed with its investigation of the Pitre
case even though the Respondent has filed for protection under Chapter 11 Bankruptcy?
 9. If the LCHR can proceed with its investigation and finds that the Respondent violated the Complainant's rights, can the LCHR require the Respondent to pay damages to the Complainant in light of the Respondent's Chapter 11 Bankruptcy status?
 10. Did Mr. Pitre have a claim under bankruptcy laws before the June 20, 2000 bar date by simply filing his complaint with the LCHR against the Respondent before the proof of claim bar date?
 11. Was the LCHR under an obligation to inform Mr. Pitre that he should file a proof of claim?
 12. Was the LCHR under an obligation to send all of the bankruptcy documents to Mr. Pitre which were sent to the LCHR by the bankruptcy court?
Additionally, in a telephone conversation, you posed a seventh question: Is the Louisiana Commission on Human Rights empowered to file a proof of claim on behalf of a complainant?
The United States Constitution grants Congress the power to establish uniform laws on the subject of bankruptcies throughout the United States. U.S. Const. Article I, Section 8. One of the primary purposes of the Bankruptcy Act is to relieve the honest debtor from the weight of oppressive indebtedness, and permit him to start afresh free from the obligations and responsibilities consequent upon business misfortunes. Williams v. U.S. Fidelity Guaranty Co.,236 U.S. 549, 554-555, (U.S. 1915). This is the so-called "fresh start" that is conferred upon honest, but unfortunate, debtors. To effectuate the fresh start, the Bankruptcy Code imposes an "automatic stay" of, generally, all administrative, judicial, or other actions against the debtor during the pendency of the bankruptcy proceeding. 11 U.S.C. § 362(a)(1). However,11 U.S.C. § 362 is not without exceptions.
The most pertinent exception to the present inquiry is the "police powers" exception contained in 11 U.S.C. § 362(b)(4). This section establishes an exception for the commencement or continuation of an action or proceeding by a governmental unit "[to] enforce such governmental unit's or organization's police and regulatory power, including the enforcement of a judgment other than a money judgment, obtained in an action or proceeding by the governmental unit to enforce such governmental unit's or organization's police or regulatory power."
Thus, it is necessary to determine if the Louisiana Commission on Human Rights is: (1) a governmental unit; and, (2) commences or continues actions or proceedings to enforce its police and regulatory power?
The Louisiana Commission on Human Rights (LCHR) is a governmental unit. LCHR is established by the Legislature in Chapter 38 of Title 51 of the Louisiana Revised Statutes. It is composed of nine members appointed by the Governor and confirmed by the Senate for a term of three years. La.R.S. 51:2233. In a case involving a very similar governmental unit in Massachusetts, the Bankruptcy Court there was required to determine whether the Massachusetts Commission Against Discrimination (MCAD) was a governmental unit excepted from the automatic stay provisions of 11 U.S.C. § 362. Inre Mohawk Greenfield Motel Corp., 239 B.R.1 (Bankr.D.Mass. 1999). Finding that the MCAD was a governmental unit, the court stated: "Given the purpose of the MCAD and the enforcement powers it has been granted by the Commonwealth, it is clear that the MCAD is a governmental unit enforcing police and regulatory powers within the meaning of § 362(b)(4) of the Bankruptcy Code." Id. at 7.
The second inquiry is also affirmative. The LCHR does commence and/or continue actions or proceedings to enforce its police and regulatory power. In La.R.S. 51:2231, the Legislature has clearly stated the purpose of the LCHR as "[to] safeguard all individuals within the state from discrimination because of race, creed, color, religion, sex, age, disability, or national origin in connection with employment and in connection with public accommodations; to protect their interest in personal dignity and freedom from humiliation; to make available to the state their full productive capacities in employment; to secure the state against domestic strife and unrest which would menace its democratic institutions; to preserve the public safety, health, and general welfare; and to further the interest, rights, and privileges within the state." In that same statute, the Legislature clearly states that the LCHR "[shall] have enforcement powers including adjudication of claims of discrimination prohibited by R.S. 23:352, 323, and 332, sickle cell trait discrimination prohibited by R.S. 23:352, and discrimination because of pregnancy prohibited by R.S. 23:341 et seq."
Moreover, as quoted above, federal courts that have examined this issue have held that enforcement actions brought by the Massachusetts Commission Against Discrimination and the Equal Employment Opportunity Commission were exempted from the automatic stay as an exercise of police or regulatory power. In re MohawkGreenfield Motel Corp., supra; Equal Employment OpportunityCommission v. McLean Trucking Co., 834 F.2d 398 (U.S. 4 Cir. 1987).
These clear legislative statements and federal court decisions lead us to the conclusion that the LCHR does, indeed, exercise police and regulatory authority conferred upon it by the Legislature.
So, finding that LCHR is a governmental unit which does exercise police and regulatory authority, we turn to your specific questions.
 1. Did the LCHR have a duty to file a proof of claim on behalf of Mr. Pitre?
 No. Neither La.R.S. 51:2235 (Powers and duties of Commission), La.R.S. 51:2257 (Complaints of discrimination; procedure; conciliation agreements; enforcement), or other LCHR statutes refer to, or require, the LCHR to act on behalf of a Complainant in the bankruptcy courts.
 2. Can the LCHR proceed with its investigation of the Pitre case even though the Respondent has filed for protection under Chapter 11 Bankruptcy?
 Yes. It is our opinion that LCHR exercises police or regulatory authority in the areas identified by the Legislature.
 3. If the LCHR can proceed with its investigation and finds that the Respondent violated the Complainant's rights, can the LCHR require the Respondent to pay damages to the Complainant in light of the Respondent's Chapter 11 Bankruptcy status?
 11 U.S.C. § 362(b)(4) allows governmental units enforcing police and regulatory powers to [enforce a] "judgment other than a money judgment, obtained in an action or proceeding by the governmental unit to enforce such governmental unit's or organization's police or regulatory power." There exists jurisprudence in other jurisdictions allowing a governmental unit to enforce a money judgment; however, jurisprudence does evolve over time. Therefore, should this situation occur, the prudent course of action for LCHR is to seek legal counsel to determine the propriety of proceeding with the enforcement of a money judgment obtained through the enforcement of LCHR's police and regulatory power.
 4. Did Mr. Pitre have a claim under bankruptcy laws before the June 20, 2000 bar date by simply filing his complaint with the LCHR against the Respondent before the proof of claim bar date?
 Mr. Pitre had a "claim" regardless of the filing of his complaint with the LCHR. Also, the claim would still exist after the bar date. However, a claim filed after the bar date would possibly be disallowed by the Bankruptcy Court.
 The Bankruptcy Code defines "claim" as:
 (A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or
 (B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured."
 The proof of claim bar date has no special significance for the commencement or continuation of an LCHR investigation 11 U.S.C. § 362(b)(4) specifically grants governmental units, such as the LCHR, authority to commence and continue actions or proceedings to enforce such governmental unit's police and regulatory power.
 5. Was the LCHR under an obligation to inform Mr. Pitre that he should file a proof of claim?
 No. The LCHR has no obligation to render legal advice to a Complainant on a bankruptcy matter.
 6. Was the LCHR under an obligation to send all of the bankruptcy documents to Mr. Pitre, which were sent to the LCHR by the bankruptcy court?
 No. The LCHR has no legal obligation to forward bankruptcy documents sent by the bankruptcy court. However, it is not appropriate to simply file the documents away. The LCHR if the documents are not returned to the bankruptcy court with the Complainant's correct address annotated, the documents should be forwarded to the Complainant with a request that the Complainant notify the bankruptcy court of his correct address.
 7. Is the Louisiana Commission on Human Rights empowered to file a proof of claim on behalf of a complainant?
 No. the LCHR statutes do not confer the authority to act on behalf of a complainant in the bankruptcy courts.
The question that naturally arises from this examination of Mr. Pitre's duty to file a proof of claim on his own behalf is: Did the LCHR have a "claim" that required the filing of a proof of claim in the bankruptcy proceedings? If the LCHR, in its own regard, has a "claim" (as defined above) which gives rise to a "right to payment" as opposed to injunctive relief, then LCHR should file its own proof of claim. However, an examination of La.R.S. 51:2231 et seq. (LCHR's enabling statutes) do not indicate that a right to payment ever arises in favor of LCHR. On that basis, it does not appear that LCHR would be required to file a proof of claim on its own behalf.
I trust this opinion has sufficiently addressed your concerns. Please contact this office should you require further assistance.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 ____________________________ THOMAS L. ENRIGHT, JR. Assistant Attorney General
RPI/TLE;dsc