**In re John W. MINNICK, Debtor.**

**Bankruptcy No. 7–95–00075–HPA.**

United States Bankruptcy Court,
W.D. Virginia,
Abingdon Division.

March 6, 1996.

John J. Gifford, Proctor & Gifford, Abingdon, Virginia, for Debtor.

## MEMORANDUM OPINION AND ORDER

H. CLYDE PEARSON, Bankruptcy Judge.

This matter is before the Court pursuant to a Motion of Debra A. (Minnick) St. John which is treated as a *pro se* "Motion to Rescind a Discharge Order," entered in her former husband's Chapter 7 bankruptcy case.

The facts are as follows: The Debtor, John W. Minnick, filed his Chapter 7 Petition on January 17, 1995 and received a Discharge by Order entered May 11, 1995. The Final Decree closing the case was entered on August 17, 1995. By letter dated December 21, 1995, Mrs. St. John informed the Court that creditors are seeking to hold her liable for payment of a motor vehicle loan which the Debtor had agreed to be responsible for in lieu of spousal support in accordance with the Final Divorce Decree entered in their case. She was served with notice of the bankruptcy filing but thought the notice related to the Debtor's responsibility for child support payments, which an attorney advised her was non-dischargeable in bankruptcy. Mrs. St. John relied on the Divorce Decree believing that the Debtor would remain responsible for the vehicle in lieu of spousal support.

The issue before the Court is procedural and must be determined in accordance with the recent amendments to 11 U.S.C. § 523(a). The specific question is whether the non-debtor spouse has the burden of bringing an Adversary Proceeding to determine the dischargeability of a debt for spousal support under § 523(a)(15) and, further, whether such filing must be within the time

period set forth in Bankruptcy Rule 4007(c). For the reasons hereinafter stated, this Court holds that, under the facts here, the burden rests with the Debtor.

Section 727 of the Bankruptcy Code requires the court to grant an individual debtor in a liquidation case under Chapter 7 a discharge unless it is a debt that the court has determined to be nondischargeable under 11 U.S.C. § 523(a). Some debts that are specifically excepted from a discharge under § 727 include spousal and child support. Bankruptcy Code § 523(a)(5) provides in pertinent part that:

> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—
>
> . . . .
>
> (5) to a spouse, former spouse, or child of debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement, but not to the extent that—
>
>> (A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise (other than debts assigned pursuant to section 402(a)(26) of the Social Security act, or any such debt which has been assigned to the Federal Government or to a State or any political subdivision of such State); or
>>
>> (B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support;

This statute resolves any doubt that exists as to whether support and maintenance provided for in property settlement agreements falls within the exception to discharge. This includes any debts arising from an agreement by the debtor to hold debtor's spouse harmless on joint debts, to the extent the agreement is in payment of alimony, maintenance or support. Thus, under § 523(a)(5), a debt is non-dischargeable unless the court finds that it may be excluded as not being in the nature of alimony, maintenance, or support.

The language in (a)(5) is clear and unambiguous. However, the enactment of § 523(a)(15) places it in a state of uncertainty. Congress enacted a provision under § 523(a) which makes a substantial alteration in the dischargeability of obligations incurred in accordance with a divorce or separation. The new sub-section (15) states in pertinent part as follows:

> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—
>
> . . . .
>
> (15) not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, a determination made in accordance with State or territorial law by a governmental unit unless—
>
>> (A) the debtor does not have the ability to pay such debt from income or property of the debtor not reasonably necessary to be expended from the maintenance or support of the debtor or a dependent of the debtor and, if the debtor is engaged in a business, for the payment of expenditures necessary for the continuation, preservation, and operation of such business; or
>>
>> (B) discharging such debt would result in a benefit to the debtor that outweighs the detrimental consequences to a spouse, former spouse, or child of the debtor.

11 U.S.C. § 523(a)(15).

This language of section (a)(15) is somewhat illusive, in that it appears to do nothing more than what (a)(5) was already doing, with one exception. In effect, it essentially adds a potential defense for the debtor to discharge certain awards in property settlement agreements when he or she "does not have ability to pay" or when it causes an undue hardship.

Section (15) is essentially an affirmative defense for the debtor and, logically, the burden would be on the debtor to raise this defense by an Adversary Proceeding under Bankruptcy Rule 7001. However, the amendments to § 523(a) disregard this logic, by further amending § 523(c)(1) to include section (15).

Section 523(c)(1) provides that the debtor shall be discharged from a debt of a kind specified in paragraph (2), (4), (6), or (15) of subsection (a), unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge. Bankruptcy Rule 4007(c) requires the debtor's children or former spouse to file a complaint under § 523(c) not later than 60 days following the first date set for the meeting of creditors, whereas a complaint under § 523(a)(5) is brought by the debtor or creditor at any time for such determination. Furthermore, (a)(15) is not included under § 523(a)(3), which provides that a debt is not discharged if the unscheduled creditor did not receive actual notice of the bankruptcy case. Thus, the Code leaves the impression that a debt under (a)(15) may be discharged even if the creditor did not receive notice of the debtor's case.[1]

Needless to say, the amendments have created a great deal of confusion. This, in effect, shifts the burden to the non-debtor spouse or children to bring a complaint within 60 days under Rule 4007. The question then becomes whether Congress intended the non-debtor spouse or child to have the burden of pleading the debtor's affirmative defense.

The Bankruptcy Code is remedial and should be interpreted reasonably and according to the fair import of its terms, with a view to effect its objects and to promote justice. *Williams v. U.S.F. & G.*, 236 U.S. 549, 35 S.Ct. 289, 59 L.Ed. 713 (1915). The

settled canons of statutory construction apply in interpreting the statutes. Thus, there is no room for construction to the extent that its language is clear and unambiguous, but where the language used is not clear and unambiguous and the true intention is not expressed with precision by the language employed, the reason and purpose of the law as indicated by its general terms and as a whole should prevail over the literal import of the particular words. *Rake v. Wade*, 508 U.S. 464, 113 S.Ct. 2187, 124 L.Ed.2d 424 (1993); *U.S. v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989).

The issue here is one of first impression. Some courts have labored through the new amendments such as the court in *In re Hill*, 184 B.R. 750 (Bkrtcy.N.D.Ill.1995). Although the case does not deal with the procedural issue raised here, it is instructive and enlightening as to the ambiguity of the terms of § 523(a)(15). In *Hill*, the court properly designates § 523(a)(15) as an affirmative defense which the Debtor needs to raise by Adversary Proceeding under § 523(a)(5). For instance, the court compares the amendment with § 523(a)(8) wherein the debtor must carry the burden of demonstrating undue hardship in student loan cases. The court goes further to state that:

> [S]ection (a) of § 523(a)(15) requires a showing that the Debtor does not have the ability to pay. If the burden is placed on the Plaintiff to show the Debtor does not have the ability to pay, the Plaintiff would want to fail to meet the burden. Similarly, section (B) requires a showing that discharging the debt would result in a greater benefit to the Debtor. Again ... plaintiff would want to fail to meet the burden. Thus ... by the very nature of section 523(a)(15), the burden of the exceptions *must shift to the Debtor.* (Emphasis added).

---

1. Section 523(a)(3) states:

   "A discharge under 727 ... does not discharge an individual debtor from any debt, neither listed nor scheduled under section 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—

   (B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request."

The court in this case concludes that the issues between these parties is governed by § 523(a)(5). The burden is upon the debtor to bring an Adversary Proceeding under § 523(a)(5) to determine whether the debt is dischargeable under § 523(a)(5) and whether subsection (a)(15) is applicable.

Therefore, from the foregoing and absent the Debtor's reopening of this case under § 350 and filing of Adversary Proceeding under § 523(a)(5), there remains no determination that the debt is discharged and Ms. St. John is not precluded under § 523(a)(5) from proceeding in state court to enforce her rights under the agreement arising from the divorce decree and the rescission of the discharge is unnecessary.

It is SO ORDERED.