**In re Roger C. CANNON, Debtor.**

**Bankruptcy No. 95–5762–8P7.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Nov. 13, 1996.

Jay Verona, St. Petersburg, FL, for Debtor.

Larry Hyman, Trustee, Tampa, FL.

Harley E. Riedel, Tampa, FL, for Movants.

## ORDER ON OBJECTION TO FEE STATEMENTS BY CARL T. BOAKE AND MOTION FOR RECONSIDERATION OF ORDER ON DEBTOR'S MOTION FOR SANCTIONS

ALEXANDER L. PASKAY, Chief Judge.

THE MATTER under consideration in this Chapter 7 liquidation case is an Objection to Fee Statements by Carl T. Boake and Motion for Reconsideration of Order on Motion for Sanctions. In order to put the present matter in proper focus, a brief recitation of the relevant previous proceedings should be helpful.

Roger C. Cannon (Debtor) filed a Petition for Relief under Chapter 7 on June 13, 1995. On September 29, 1995, the Debtor received his general bankruptcy discharge. On June 13, 1996, the Debtor filed a Motion for Sanctions and sought the imposition of sanctions for the willful violation of the discharge injunction against Norma Cannon (Ms. Cannon), and Carl T. Boake (Boake) of the law firm of Wallace, Finck, Boake & Colclough (Law Firm). The Motion was heard in due course and on August 7, 1996, this Court entered its Order on the Debtor's Motion for Sanctions and ruled that the proceeding in the state court, commenced by the Law Firm on behalf of Ms. Cannon after the Debtor received a discharge was, in fact, a violation of the permanent injunction issued in conjunction with the discharge granted to the Debtor. The Order further held that the Debtor is entitled to recover from Ms. Cannon and Boake, jointly and severally, the reasonable attorney fees and costs incurred by the Debtor in connection with the filing of the Motion by the Debtor to enforce the protection granted to him through the discharge.

The Order also provided that Counsel for the Debtor shall submit an itemized statement of the services rendered in connection with the Motion for Sanctions, together with time sheets and hourly rates. Lastly, the Order provided that the Statement shall be served on Boake, who was given ten days after receipt of same to interpose an objection to the amount sought. Counsel for the Debtor, Jay B. Verona (Mr. Verona), did file his Affidavit as to the services performed and the time expended and co-counsel, David McEwen (Mr. McEwen), Counsel for the Debtor in the State Court litigation by him, also filed an Affidavit as to the time and costs expended. Mr. Verona seeks as reasonable attorney fees for his services, 9.6 hours billed at the rate of $165 per hour, together with expenses for postage of $5.05. Mr. McEwen seeks compensation for 5.9 hours billed at the rate of $150 per hour, together with reimbursement of expenses of $28.37 composed of $19.35 for photocopy charges and $9.02 for postage.

On September 16, 1996, Boake filed an Objection to the Fee Statements of Mr. Verona and Mr. McEwen and a Motion for Reconsideration of this Court's Order which held that Ms. Cannon and/or Boake violated the injunctive provisions of the general bankruptcy discharge granted to the Debtor. In his Motion, Boake contends, first, that this Court erred in determining that the proceeding in the State Court concerning the adjudication of ownership of the stock owed jointly

by the Debtor and his ex-wife was an attempt to enforce a dischargeable debt and, thus, constituted a violation of the injunction issued in conjunction with the Debtor's discharge.

Second, concerning the amount sought by the attorneys, Boake contends that Mr. McEwen should not be entitled to any fees because in the State Court he only contested the award of $7,218 which this Court held was a non-dischargeable obligation and, with respect to the stock ownership, Mr. McEwen raised no contest and specifically conceded that the Debtor had no interest in the stock because the stock belonged to the estate of the Debtor. In support of this proposition, Boake refers to the transcript of the hearing which occurred in the State Court on March 25, 1996. In addition, Boake points out that even this Court's Order entered August 7, 1996, held that no sanction can be imposed on Boake or on Ms. Cannon for seeking to enforce the $7,218 nondischargeable support obligation. Based on the foregoing, Boake contends that no sanctions should be imposed against Boake and in favor of Mr. McEwen.

Boake's objection to Mr. Verona's request for compensation is based on the proposition that the Statement filed by Mr. Verona does not distinguish between the time spent seeking sanctions for the enforcement of a non-dischargeable debt and the time spent seeking to determine the ownership of the stock. Thus, since this Court held that no sanction can be awarded for the litigation concerning the $7,218 award for support, at least some portion of Mr. Verona's time must be disallowed. In addition, Boake contends that since the billing is in quarter-hour units rather than tenth-hour increments it is also improper.

Boake also calls to this Court's attention the recent decision of *In re Minnick*, 198 B.R. 187 (W.D.Va.1996) which concerns the award of sanctions in general. In *Minnick*, the Bankruptcy Court held that even after the enactment in 1994 of § 523(a)(15), a non-debtor spouse may seek to enforce her right of indemnification on pre-marital joint obligations in the marital court until such time as the Debtor brings an action under § 523(a)(5) and raises the issue of the applicability under § 523(a)(15).

Section 523(a)(15) was part of the 1994 amendments, and is, concededly, a provision which has not been tested by bankruptcy courts, particularly the portion which provides that a determination of joint marital obligations, other than obligations for alimony, maintenance or support of a spouse or a child, also must be litigated in the bankruptcy court. That Section is governed by F.R.B.P. 4007 which requires that all actions brought pursuant to § 523(c) must be filed in the bankruptcy court not later than 60 days from the first date set for the meeting of creditors pursuant to § 341 of the Code.

■ A literal application of this new amendment compels but one conclusion: that, unless either the Debtor or an ex-spouse of the Debtor files a complaint within the time frame fixed by F.R.B.P. 4007(c), a debt incurred during the marriage on which both the Debtor and his ex-spouse are liable will be discharged and will be within the protective provision of the injunction issued in conjunction with the grant of the Debtor's discharge. No doubt this interpretation of § 523(a)(15) creates a procedurally difficult problem to an ex-spouse, especially when the ex-spouse, as in the present instance, seeks an enforcement of the provision of the divorce decree which determined that the Debtor shall be liable for certain, specified debts incurred during the marriage and then the Debtor filed a petition for relief in the bankruptcy court.

Be that as it may, this Court is not persuaded by the reasoning of the bankruptcy court in *Minnick* and is of the opinion that the proceeding to determine dischargeability of debts pursuant to § 523(a)(15) must be filed in the bankruptcy court within the time fixed by F.R.B.P. 4007 and if it is not, it will be discharged.

At the oral argument, it was also urged by counsel for Boake that the proceeding was not to enforce a pre-petition discharged obligation of the Debtor, but merely to determine the ownership of the stock owned jointly by the Debtor and his ex-spouse, stock which was pledged to a joint obligation to the Credit Union. This is an over-simplification

of the real nature of the proceeding and does not bear close analysis. The divorce decree provided that the Debtor shall indemnify the wife and pay a portion of the debt owned to the Credit Union and if he failed to do so, he would forfeit his interest in the stock pledged to secure that obligation; therefore, in fact, the Debtor had a choice to either lose his stock or to pay a discharged obligation. This Court is satisfied that the proceeding instituted by Boake on behalf of Ms. Cannon was, in fact, an attempt to enforce a pre-petition discharged obligation and, therefore, it did violate the injunction provisions of the bankruptcy discharge granted by § 524(a)(2).

This leaves for consideration a determination of what amount, if any, should be awarded as sanctions to Mr. Verona.

Mr. Verona seeks an allowance for his services in the amount of $1,584.00 together with $5.05 for reimbursement of expenses. Clearly, the services rendered by Mr. Verona were directly related to the defense of the Debtor's rights granted by the Debtor's discharge. While it is true that some of the time spent by Mr. Verona also involved the nondischargeable obligation of the Debtor, in fairness, it is very difficult to adequately separate and quantify these services. Considering the fact that all charges were in quarter-hour increments, this Court is satisfied that the amount of reasonable compensation to be awarded to Mr. Verona should not be more than $1,005.00 and there shall be no reimbursement for unspecified mailing expense, as same is deemed to be general overhead.

Mr. McEwen seeks compensation in the amount of $885.00 together with $28.37 for reimbursement of expenses. Mr. McEwen's services were limited to arguing the award of $7,218.00 which this Court already determined to be a nondischargeable debt. Furthermore, concerning the stock ownership, Mr. McEwen made no argument whatsoever. On the contrary, he specifically conceded that the Debtor had no interest in the stock because the stock belonged to the Estate. Based on the foregoing, this Court is satisfied that his services rendered no compensable service. Thus, no allowance shall be made for Mr. McEwen.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the Objection to the Fee Application of Mr. McEwen be, and the same is hereby, sustained and the Application is disapproved in total.

It is further

ORDERED, ADJUDGED AND DE-CREED that the Objection to the Fee Application of Mr. Verona be, and the same is hereby, sustained in part and overruled in part and Mr. Verona is hereby awarded the total sum of $1,005.00.

It is further

ORDERED, ADJUDGED AND DE-CREED that the sanction imposed by this Order shall be paid by Mr. Boake within 30 days from the date of this Order.

DONE AND ORDERED.