IN RE Elaine COYLE, Debtor.

Elaine Coyle, Plaintiff,

v.

The United States of America, Defendant.

CASE NO. 12–35685–BKC–RAM
ADV. NO. 13–01982–RAM

United States Bankruptcy Court, S.D. Florida.

Signed January 14, 2015

Michael S. Hoffman, Esq. 909 North Miami Beach Blvd. Suite 201 Miami, FL 33162 (Counsel for Plaintiff)

Derek P. Richman, Esq. Special Assistant United States Attorney 51 SW First Avenue, Suite 1114 Miami, FL 33130 (Counsel for Defendant)

### *ORDER GRANTING DEFENDANT' CROSS-MOTION FOR SUMMARY JUDGMENT*

Robert A. Mark, Judge United States Bankruptcy Court

The chapter 7 debtor, Elaine Coyle (the "Debtor"), filed this adversary proceeding to determine the dischargeability of her income tax debt for the years 2006 and 2007. The issue presented in the pending cross-motions for summary judgment is whether the Debtor's untimely Form 1040 for 2006, filed after the Internal Revenue Service ("IRS") assessed her tax liability, is a "return" as that term is used in § 523(a)(1)(B) of the Bankruptcy Code. For the reasons that follow, this Court agrees with a majority of courts that have held that late returns filed after an IRS assessment are not "returns." Therefore the Debtor's tax liability for 2006 will be excepted from discharge.

### *Facts*

The facts are not disputed. After obtaining an extension, the Debtor's 2006 federal income tax return was due on October 15, 2007. On December 29, 2008,

because the Debtor had not filed a tax return, the IRS sent the Debtor a notice of deficiency for the 2006 tax year, which the Debtor did not challenge. Then, on May 11, 2009, pursuant to section § 6020(b)[1] of the Internal Revenue Code ("IRC"), the IRS assessed the Plaintiff $59,087 in tax liability and commenced collection activities (the "IRS Assessment").

Several months later, on February 19, 2010, nearly two and a half years after the return was due, the Debtor filed a Form 1040 for the 2006 tax year. Based on the Form 1040, the IRS abated portions of the tax, penalties, and interest, leaving a balance owed of $28,499.74.

### Procedural History

The Debtor filed her chapter 7 petition on October 12, 2012 and filed the complaint initiating this adversary proceeding on December 26, 2013 [DE # 1]. The complaint seeks to discharge the Debtor's 2006 (Count I) and 2007 (Count II) tax liability. The IRS concedes that the Plaintiff's 2007 tax liability is dischargeable; therefore only Count I and the $28,499.74 owed for the Debtor's 2006 tax year are at issue.

The Debtor filed a Motion for Summary Judgment on July 23, 2014 [DE # 15]. The Debtor also attached her affidavit to the motion (the "Affidavit"). The Affidavit provides no explanation for the Debtor's failure to file her 2006 return until 2010 other than a statement that the late filing was "[d]ue to personal issues I was experiencing at the time." DE # 15–1 at ¶ 4.

On August 19, 2014, the IRS filed its Opposition to Plaintiff's Motion for Summary Judgment and Cross–Motion for Summary Judgment (the "IRS Cross–Motion") [DE # 20]. The Debtor filed her

Reply on September 5, 2014 [DE # 23] and the Court heard oral argument on the motions on September 9, 2014.

After review of the record, consideration of the arguments presented at the September 9th hearing, and review of the applicable law, the Court finds that there are no genuine issues of material fact and that the IRS is entitled to judgment as a matter of law.

### The Arguments

The IRS seeks to except the Debtor's 2006 tax liability from discharge pursuant to § 523(a)(1)(B)(i) which excepts from discharge tax debt "with respect to which a return ... if required ... was not filed or given." The IRS argues that this exception applies because the Debtor's Form 1040 filed after the IRS Assessment was not a "return."

The IRS presents two alternative theories to support its position. First it argues that the Form 1040 filed by the Debtor after the IRS Assessment is not a "return" because the 2006 tax debt was created by the IRS Assessment. Under this theory, the Court needs to look no further than May 1, 2009, the date of the IRS Assessment. Because there was no return filed by the Debtor on that date, the IRS argues that the taxes owed for 2006 became a debt excepted from discharge at that time and any future tax filing by the Debtor, unless it increased the tax liability, was irrelevant.

Alternatively, the IRS argues that the Form 1040 filed by the Debtor after the IRS Assessment is not a "return" under the four prong test for determining what constitutes a tax return as set forth in

---

1. 26 U.S.C. § 6020(b) states that:

   If any person fails to make any return required by any internal revenue law or regulation made thereunder at the time prescribed therefor, or makes, willfully or otherwise, a false or fraudulent return, the Secretary shall make such return from his own knowledge and from such information as he can obtain through testimony or otherwise.

*Beard v. Commissioner of Internal Revenue*, 82 T.C. 766 (1984), aff'd, 793 F.2d 139 (6th Cir.1986) (*"Beard"*). Under the *Beard* test, a document submitted to the IRS by a taxpayer qualifies as a return if it (1) purports to be a return; (2) is executed under penalty of perjury; (3) contains sufficient data to calculate the tax liability; and (4) represents an honest and reasonable attempt to satisfy the requirements of the tax law. *Beard* at 777–78.

The IRS asks this Court to adopt and follow the holdings in numerous cases, including decisions by four circuit courts of appeal that applied the *Beard* test and held that returns filed after IRS Assessments are not "returns" under § 523(a)(1)(B). *Infra* pp. 11–13.

Although not supported by the IRS, there is a third argument for finding that the late return in this case is not a "return" for dischargeability purposes. This argument arises from a definition of "return" added by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"). The definition of "return" is found in the so-called "hanging paragraph" placed after the last exception to discharge in § 523(a)(19) (the "Hanging Paragraph"). The Hanging Paragraph defines a "return" for § 523 purposes as follows:

> For purposes of this subsection, the term "return" means a return that satisfies the requirements of applicable nonbankruptcy law (including applicable filing requirements). Such term includes a return prepared pursuant to section 6020(a) of the Internal Revenue Code of 1986, or similar State or local law, or a written stipulation to a judgment or a final order entered by a non-bankruptcy

tribunal, but does not include a return made pursuant to section 6020(b) of the Internal Revenue Code of 1986, or a similar State or local law.

Based on this definition, some courts have concluded that the only late return that can qualify as a "return" is one filed by the IRS under § 6020(a) of the IRC.[2] They reach this conclusion because the definition in the Hanging Paragraph states that a return must satisfy "the requirements of applicable law" and applicable law requires tax returns to be filed timely. The Court will address this third argument because two circuit courts of appeal and several lower courts have reached this conclusion.

The Debtor, in turn, relies on the definition of 11 U.S.C. § 523(a)(1)(B)(ii), which allows debtors to discharge tax debts that arise:

> (B) with respect to which a return, or equivalent report or notice, if required ... (ii) was filed or given after the date on which such return, report, or notice was last due, under applicable law or under any extension, and after two years before the date of the filing of the petition. ...

The Debtor argues that the Form 1040 she filed in February 19, 2010 falls within the safe harbor language of § 523(a)(1)(B)(ii), because it is a tax return, filed after it was due, but more than two years prior to the bankruptcy filing date.

### Discussion

### A. The Hanging Paragraph Argument

■ The addition of the Hanging Paragraph has caused confusion and disagreement between courts. The Fifth Circuit in

---

2. 26 U.S.C. § 6020(a) states that:
   If any person shall fail to make a return required by this title or by regulations prescribed thereunder, but shall consent to disclose all information necessary for the preparation thereof, then, and in that case, the Secretary may prepare such return, which, being signed by such person, may be received by the Secretary as the return of such person.

*McCoy v. Miss. State Tax Comm'n (In re McCoy)*, 666 F.3d 924, 929–32 (5th Cir. 2012)("McCoy") held that "BAPCPA amended § 523(a) to provide an unambiguous definition of 'return,' obviating the need to return to the pre-BAPCPA [*Beard*] test" and that a tax return, "filed late under the applicable non-bankruptcy state law is not a 'return' for bankruptcy discharge purposes under § 523(a) ." The Tenth Circuit recently reached the same conclusion in *In re Mallo*, 774 F.3d 1313 (10th Cir.2014) *("Mallo")*.

Some lower courts have also ruled this way, including Judge Kimball of this district in *Wendt v. U.S. (In re Wednt)*, 512 B.R. 716 (Bankr.S.D.Fla.2013) *("Wendt")*. The court in *Wendt* adopted the Fifth Circuit's *McCoy* decision, stating that it is "hard to imagine Congress intended any other result." *Wednt*, 512 B.R. at 720.

Under *McCoy* and *Mallo*, § 523(a)(1)(B)(ii), which specifically addresses late filed tax returns, when read together with the Hanging Paragraph, only allows the dischargeability of § 6020(a) late filed tax returns.

This Court declines to follow the Fifth and Tenth Circuit decisions in *McCoy* and *Mallo*. The conclusion of those courts is troubling particularly because the IRS does not agree with this position. In a memorandum issued by the IRS's Office of Chief Counsel, citing to the Supreme Court's decision in *Kawaauhau v. Geiger*, 523 U.S. 57, 62, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998), the IRS writes that "[i]t is a cardinal principle of statutory construction that a statute should be construed so that no clause, sentence or word is rendered superfluous."[3] The IRS also quotes from the Supreme Court's decision in *Dewsnup v. Timm*, 502 U.S. 410, 419, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992): "This Court has

been reluctant to accept arguments that would interpret the Code, however vague the particular language under consideration might be, to effect a major change in pre-Code practice that is not the subject of a least some discussion in the legislative history."

The Office of Chief Counsel concludes that when read together, § 523(a)(1)(B)(ii) and the Hanging Paragraph cannot be interpreted so that a debtor's late filed tax return can only be discharged if filed pursuant to § 6020(a). The IRS's official position is that a late filed tax return can be discharged if it complies with § 523(a)(1)(B)(ii) and if the filing takes place before an IRS Assessment. That position was restated in the IRS Cross–Motion as referenced earlier and it is further bolstered by the fact that the IRS stipulated in this proceeding to discharge the Debtor's 2007 tax debt even though that return was also filed late.

In sum, this Court agrees with the IRS and those courts that have rejected a narrow reading of the Hanging Paragraph under which the only late filed returns eligible for discharge pursuant to § 523(a)(1)(B)(ii) are returns filed under § 6020(a). *See e.g. Pendergast v. Mass. Dept. of Revenue (In re Pendergast)* 510 B.R. 1, 5 (1st Cir. BAP 2014) *("Pendergast")* (reasoning that decisions like *McCoy* and its progeny are wrong because if all "late-filed returns are not 'returns' for purposes of this section, 11 U.S.C. § 523(a)(1)(B)(ii), which only applies to untimely returns, would be rendered 'virtually meaningless' and a 'nullity' because the number of returns filed pursuant to 26 U.S.C. 6020(a) are minute and not within a debtor's control") 510 B.R. at 5.

**3.** Internal Revenue Service, Office of Chief Counsel. *Litigating Position Regarding the Dischargeability in Bankruptcy of Tax Liabili-* *ties Reported on Late–Filed Returns and Returns Filed After Assessment.* Notice CC–2010–016 (September 2, 2010).

## B. The Debtor's Late–Filed Return is Not a "Return" Under the Beard Test

The Hanging Paragraph was added to the Bankruptcy Code in order to clarify a previous gap in the law in regards to § 6020(a) and § 6020(b). As clarified, § 6020(a) filings are treated as "returns" under the Bankruptcy Code presumably because the IRS, with the help and information provided by the taxpayer, files § 6020(a) returns. IRS Assessments under § 6020(b), however, are filed by the IRS without the cooperation of the taxpayer, and are not considered "returns" under the Bankruptcy Code.

■ Because of this Court's view of the limited purpose of the Hanging Paragraph, the Court finds that the *Beard* test still applies to late returns filed by taxpayers. Therefore, at issue before the Court is whether, under the *Beard* test, a Form 1040 filed after an IRS assessment can never represent an "honest and reasonable attempt to satisfy the requirements of the tax law."

■ The Sixth Circuit was the first circuit court of appeals to address this issue in *U.S. v. Hindenlang (In re Hindenlang),* 164 F.3d 1029 (6th Cir.1999). The facts in *Hindenlang* are similar to the facts here. The debtor, Mr. Hindenlang, failed to timely file his tax returns, ignored deficiency letters, and filed late returns two years after an IRS Assessment. Mr. Hindenlang, through his bankruptcy case, like the Debtor here, also sought to discharge his tax liability.

The Sixth Circuit ruled that a Form 1040 filed after an IRS Assessment cannot not represent an honest and reasonable attempt to satisfy the requirements of the tax law:

[W]hen the debtor has failed to respond to both the thirty day deficiency letters sent by the IRS and the government has assessed the deficiency, then the Forms 1040 serve no tax purpose, and the government has met its burden of showing that the debtor's actions were not an honest and reasonable effort to satisfy the tax law.

164 F.3d at 1034–35.

This Court in *Klein v. U.S. (In re Klein),* 2003 WL 696856 (Bankr.S.D.Fla., January 13, 2003) *rev'd* 312 B.R. 443 (S.D.Fla.2004), an opinion issued twelve years ago, rejected the *Hindenlang* bright-line rule. In that case, this Court found that Form 1040s filed after IRS Assessments were good faith returns because the debtor filed those returns in response to an amnesty program offered by the IRS. On appeal, the district court did not apply the *Hindenlang* bright-line rule, but still reversed this Court based on its view that the subjective good faith intent of the taxpayer was not enough. In fact, in its opinion, the district court noted that "most courts have held that an *unjustified* delay in filing tax forms, after an IRS assessment, cannot satisfy the Honest and Reasonable Attempt prong, because the post-assessment form serves no tax purpose." 312 B.R. at 454 (citations omitted).

Three other circuit courts of appeal have now adopted the *Hindenlang* holding or its essential reasoning—*Payne v. U.S. (In re Payne),* 431 F.3d 1055 (7th Cir.2006); *Moroney v. U.S. (In re Moroney),* 352 F.3d 902 (4th Cir.2003) ("*Moroney*")[4]; and *Hatton v. U.S. (In re Hatton),* 220 F.3d 1057 (9th Cir.2000). Only the Eighth Circuit has ruled the other way in *Colsen*

---

4. *Moroney* did not adopt a bright-line rule, but instead held that forms filed after an involuntary assessment rarely qualify as honest and reasonable attempts to comply with tax laws. 352 F.3d at 907.

*V. U.S.* (*In re Colsen*), 446 F.3d 836 (8th Cir.2006).

This Court now believes that a bright-line rule is appropriate. As the Fourth Circuit noted in *Moroney*, "[t]he very essence of our system of taxation lies in the self-reporting and self-assessment of one's tax liabilities." 352 F.3d at 906, *citing Commissioner v. Lane–Wells Co.,* 321 U.S. 219, 223, 64 S.Ct. 511, 88 L.Ed. 684 (1944). As the IRS argued in its Cross–Motion, a taxpayer is no longer self-determining tax liability when he or she files a return after assessment. This Court agrees with the IRS that once "the IRS has completed the deficiency procedures and assessed a tax debt, it is too late for the taxpayer to satisfy his duty to report the amount already assessed and the form cannot function as a determination of the debt by the taxpayer." Cross–Motion pp. 20–21. Again citing to *Moroney:*

> Simply put, to belatedly accept responsibility for one's tax liabilities, only when the IRS has left one with no other choice, is hardly how honest and reasonable taxpayers attempt to comply with the tax code.

352 F.3d at 906 (citations omitted).

In this case, the result does not change because the Debtor's late-filed Form 1040 resulted in an abatement of a portion of the assessment. In *Moroney*, the debtor's late-filed returns also resulted in a partial abatement. The court rejected the argument that a reduction in the assessment meant that the debtor's returns had tax significance and should be treated as returns under the *Beard* test:

> The relevant inquiry is whether Moroney made an honest and reasonable effort to comply with the tax laws, and not whether Moroney's eventual effort had some effect on his tax liability ... Moroney failed to provide the IRS with the very information it needed to accurately assess his taxes, and now he seeks to benefit from the IRS's resulting imprecision.

352 F.3d at 906.

The recent *Pendergast* decision by the Bankruptcy Appellate Panel for the First Circuit, cited earlier, further supports this Court's conclusion. In *Pendergast,* the court dealt with Massachusetts tax returns filed late and after the Massachusetts Department of Revenue (MDOR) had already assessed the debtor's tax liability. Although *Pendergast* dealt with Massachusetts taxes, its reasoning applies to federal taxes. The *Pendergast* court agreed with *McCoy* that the changes in BAPCPA replaced the *Beard* test but held that:

> when the entirety of § 523(a)(*) is applied to the Massachusetts statutory scheme, if a tax return is never filed, then it is clear that the tax obligation is nondischargeable. If a return is filed late, dischargeability depends on the taxpayer's cooperation with the taxing authorities. In Massachusetts, if the debtor engages in self-assessment by filing a late return before the taxing authority assesses a deficiency (analogous to 26 U.S.C. § 6020(a)), then the tax liability may be dischargeable if the return was filed more than two years before the filing of the petition. If the Massachusetts tax authority assesses a deficiency before the debtor's self-assessment (analogous to 26 U.S.C. § 6020(b)), the debtor's tax liability will not be dischargeable.

*Pendergast,* 510 B.R. at 10–11.

Although this Court is relying on the *Beard* test, the reasoning in *Pendergast* is instructive. The IRS Assessment occurred on May 11, 2009, without the Debtor's cooperation and input. After the IRS Assessment, the IRS began its collection efforts. The Debtor then, in response to the IRS's actions, filed her Form 1040 for

tax year 2006 in February 19, 2010, roughly two years after a return was due.

The Debtor's filing of a Form 1040, according to counsel for the IRS at the September 9th hearing, was never considered a "tax return" by the IRS, but was rather taken as an administrative request to reconsider the IRS Assessment, which the IRS accepted and used to modify the Debtor's tax liability.

In sum, because the Debtor filed her Form 1040 for 2006 after the IRS Assessment, it was not an honest and good faith effort to comply with the tax laws. As such, the Debtor's Form 1040 for 2006 is not a "return" under the *Beard* test and the Debtor's 2006 tax debt is excepted from discharge under § 523(a)(1)(B)(i) of the Bankruptcy Code.

Because the Court concludes that the Debtor's Form 1040 was not a "return" under the *Beard* test, the court does not need to reach the IRS's alternative argument that the Debtor's Form 1040 was not a "return" because the debt was created by the IRS Assessment. However, the Court notes that both this argument, and the Hanging Paragraph argument, if adopted, would also support entry of summary judgment on behalf of the IRS.

Based upon the foregoing discussion, it is

**ORDERED** as follows:

1. The IRS Cross–Motion for Summary Judgment is granted.

2. The Plaintiff's Motion for Summary Judgment is denied.

3. The Court will enter a separate Final Judgment excepting the Debtor's 2006 tax liability from discharge under section 523(a)(1)(B)(i), and, as agreed to by the IRS, discharging the Debtor's 2007 tax liability.

**ORDERED**

### FINAL JUDGMENT

In accordance with this Court's Order Granting Defendant's Cross-Motion for Summary Judgment [DE #27], it is

ORDERED AND ADJUDGED as follows:

1. Final judgment is entered in favor of the Defendant, the United States of America, and against the Plaintiff, Elaine Coyle, as to Count I of the Complaint.

2. The tax debt owed by the Plaintiff for the 2006 tax year is excepted from discharge in Plaintiff's bankruptcy case under 11 U.S.C. § 523(a)(1)(B)(i).

3. Final judgment is entered in favor of the Plaintiff, Elaine Coyle, and against the Defendant, the United States of America, as to Count II of the Complaint.

4. The tax debt owed by the Plaintiff for the 2007 tax year is discharged.