**IN RE John Robert SHEK, Debtor.**

**John Robert Shek, Plaintiff,**

**v.**

**Massachusetts Department of Revenue, Defendant.**

Case No. 6:15–bk–08569–KSJ
Adversary No. 6:16–ap–00082–KSJ

United States Bankruptcy Court,
M.D. Florida,
Orlando Division.

Signed December 21, 2017

John Robert Shek, pro se.

Celine E. Jackson, Massachusetts Department of Revenue, Boston, MA, for Defendant.

## ORDER DENYING CROSS MOTIONS FOR SUMMARY JUDGMENT

Karen S. Jennemann, United States Bankruptcy Judge

John Shek, the Debtor, filed this adversary proceeding[1] primarily seeking a determination that his 2008 tax liabilities to the Massachusetts Department of Revenue ("MDR") are discharged under § 523(a)(1)(B) of the Bankruptcy Code.[2] MDR contends Debtor's tax liability was not discharged because he filed his tax returns late.[3] Both parties now ask for summary judgment.[4] The cross motions for summary judgment both are denied because a material factual dispute over whether the Debtor acted honestly and reasonably in filing his tax returns late prevents resolution as a matter of law.

On November 19, 2009, the Debtor filed his 2008 state tax return with MDR.[5] Debtor, who was in a contested divorce, missed the April 15 deadline by about seven months arguing he did not know his then-spouse would file "Married, Filing Separately." He allegedly waited because he needed to know which deductions and exemptions his wife would claim. MDR assessed the Debtor's 2008 state taxes based on the Debtor's late tax return.

1. Doc. No. 1. Debtor also seeks damages against MDR for violating the automatic stay, violating the discharge injunction under 11 U.S.C. § 524, and violating the equal protection clauses of the United States and Florida Constitutions.

2. All references to the Bankruptcy Code refer to 11 U.S.C. §§ 101, *et seq.*

3. Doc. No. 24.

4. Doc. Nos. 29, 43, 40, and 49.

5. Doc. No. 1, Exh. 1. Debtor reported tax liability of $10,902. He made payments of at least $4,052 on this liability. Doc. No. 24, ¶ 18. MDR however seeks late penalties and interest, so the exact liability remains undetermined.

Debtor then moved to Florida, and years later, on October 8, 2015,[6] the Debtor filed this Chapter 7 proceeding. He received a discharge on January 26, 2016.[7] When MDR pursued collection efforts after the discharge and the bankruptcy case was closed, Debtor requested the reopening of the case so he could file this adversary proceeding to determine if his 2008 tax obligation to MDR was discharged.[8]

The parties agree the Debtor filed his 2008 state tax return late; they disagree whether the late filing prevents the Debtor from discharging the debt. The legal dispute arises from a statutory change made by Congress in 2005, when they enacted the Bankruptcy Abuse Prevention and Consumer Protection Act (BAPCPA). Congress added a "hanging paragraph" applicable to § 523(a)(1)(B) of the Bankruptcy Code defining the term tax "return" to mean "a return that satisfies the requirements of applicable nonbankruptcy law (including applicable filing requirements.)"

Some courts have interpreted this new language to require debtors to timely file their tax returns if they seek to discharge their taxes.[9] Other courts reject the harsh effect of this "one day late" filing rule.[10] The primary issue on summary judgment is whether the Debtor's 2008 tax liability to MDR is not discharged because he un-disputedly failed to timely file his tax return in 2008.

Rule 56(a) provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." [11] The moving party must establish the right to summary judgment.[12] A "material" fact is one that "might affect the outcome of the suit under the governing law." [13] A "genuine" dispute means that "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." [14] Once the moving party has met its burden, the nonmovant must set forth specific facts showing there is a genuine issue for trial.[15] In determining entitlement to summary judgment, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." [16]

Debtor filed his taxes after the due date. MDR argues that tax returns filed after the deadline are automatically excepted from discharge under the Bankruptcy Code. Debtor argues his tax liability was discharged in bankruptcy and that he acted honestly and reasonably.

Section 727 of the Bankruptcy Code directs courts to grant debtors a discharge unless they are subject to an exception.

---

6. Doc. No. 1 in the Main Case, 15–bk–8560–6J7 ("Main Case.")

7. Doc. No. 10 in Main Case.

8. Doc. Nos. 13 and 14 in Main Case.

9. *Fahey v. Mass. Dept. of Rev. (In re Fahey)*, 779 F.3d 1 (1st Cir. 2015).

10. *Justice v. United States (In re Justice)*, 817 F.3d 738, 742–45 (11th Cir. 2016).

11. Fed. R. Civ. P. 56(a).

12. *Fitzpatrick v. Schlitz (In re Schlitz)*, 97 B.R. 671, 672 (Bankr. N.D. Ga. 1986).

13. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed. 2d 202 (1986); *Find What Investor Grp. v. FindWhat.com*, 658 F.3d 1282, 1307 (11th Cir. 2011).

14. *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510.

15. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed. 2d 538 (1986).

16. *Scott v. Harris*, 550 U.S. 372, 380, 127 S.Ct. 1769, 167 L.Ed. 2d 686 (2007).

Section 523(a)(1) outlines several exceptions including excluding taxes from discharge when:

(B) with respect to which a return, or equivalent report or notice, if required

    (i) was not filed or given; or

    (ii) was filed or given after the date on which such return, report, or notice was last due under applicable law or under any extension, and after two years before the date of the filing of the petition.

██ The Eleventh Circuit Court of Appeals arguably applied the test outlined by the United States Tax Court in *Beard v. Commissioner of Internal Revenue* in determining whether a tax is discharged.[17] Under the *Beard* test, for a document to qualify as a tax return it must: "(1) purport to be a return, (2) be executed under the penalty of perjury, (3) contain sufficient data to allow the calculation of the tax, and (4) represent and honest and reasonable attempt to satisfy the requirements of tax law."[18] Then, in BAPCPA, Congress inserted the misplaced "hanging paragraph" at the end of section § 523(a) as 523(a)(*) providing:

> For purposes of this subsection, the term "return" means a return that satisfies the requirements of applicable nonbankruptcy law (**including applicable filing requirements**). Such term includes a return prepared pursuant to section 6020(a) of the Internal Revenue Code of 1986, or similar State or local law, or a written stipulation to a judgment or a final order entered by a nonbankruptcy tribunal, but does not include a return made pursuant to section 6020(b) of the Internal Revenue Code of 1986, or a similar State or local law.[19]

Courts since have struggled over whether the *Beard* test is still relevant and whether the phrase "applicable filing requirements" includes filing deadlines. If tax returns filed after the due date do not comply with "applicable filing requirements," they are not classified as "returns" and are not dischargeable. Under this argument, a return filed one day late would lose its status as a tax return. The tax liability would survive a bankruptcy discharge.

In 2016, the Eleventh Circuit decided the case *In re Justice* where it found that "applicable nonbankruptcy law" incorporates the *Beard* test.[20] The Court assumed, without expressly deciding, that Congress envisioned no timeliness requirement in the hanging paragraph and that the *Beard* test is still relevant to determine if a delinquent filing is a tax return.[21] A factor considered is whether a debtor had a legitimate explanation about the "failure to file a timely return."[22] In *Justice*, however, the Court held that the debtor's unjustified four year delay in filing a tax form was not "an honest and reasonable attempt to satisfy the requirements of the tax law," particularly when the debtor waited to file until *after* the IRS had issued a notice of deficiency and assessed his tax liability.[23]

**17.** *Beard v. Comm'r of Internal Revenue*, 82 T.C. 766, 777, 1984 WL 15573 (1984), *aff'd sub nom. Beard v. C.I.R.*, 793 F.2d 139 (6th Cir. 1986).

**18.** *United States v. Hindenlang (In re Hindenlang)*, 164 F.3d 1029, 1033 (6th Cir. 1999).

**19.** Emphasis added.

**20.** *Justice v. United States (In re Justice)*, 817 F.3d 738 (11th Cir. 2016).

**21.** *Id.* at 742–45.

**22.** *Id.*

**23.** *Id.* at 747.

Judge Mark stated, in *dicta* in *In re Coyle*, it would be unreasonable to follow the "one-day late" approach and so narrow the Bankruptcy Code's definition of a return to permit only the discharge of late filings filed under § 6020(a).[24] The Bankruptcy court in *Coyle* agreed with the IRS's official position that a late filed tax return is dischargeable if it complies with § 523(a)(1)(B)(ii) and if the filing takes place before a tax agency makes an assessment.[25] The *Coyle* court concluded that the *Beard* test still applies in deciding whether a taxpayer's late filed tax return can be discharged under § 523(a)(1)(B)(ii).[26]

In *Fahey*, the First Circuit Court of Appeals considered whether a Massachusetts state income tax return that a debtor filed after the deadline constituted a return under § 523(a).[27] The First Circuit looked at the requirement in the Massachusetts tax code that taxpayers must file returns by April 15 of each taxable year and concluded that the filing deadline was an "applicable filing requirement." [28] The majority then found that tax returns filed after the due date did not comply with filing requirements and could not be classified as "returns" subject to a discharge.[29]

Although *Fahey* is persuasive, it is not binding on this Court because the issue here arose in a bankruptcy case filed in Florida, and under the controlling jurisdiction of the Eleventh Circuit Court of Appeals.[30]

This Court agrees with the arguments raised by Judge Thompson's dissent in *Fahey* and predicts the Eleventh Circuit will adopt similar reasoning continuing to apply the *Beard* test rather than the draconian rule of *Fahey* preventing any debtor from discharging old tax debt if they filed a late return, even if the tardiness was justifiable. Judge Thompson reasons that a strict literal reading of the state statute using the majority's interpretation is absurd.[31] When Congress added the hanging paragraph to BAPCPA in 2005, it noticeably did not change § 523(a)(1)(B)(ii) that specifically contemplates the discharge of late filed taxes allowing debtors to discharge taxes where a return "was filed... after the date on which such return...was last due under applicable law or under any extension." [32] Congress imposed a stringent requirement that debtors follow state rules on which form to use and what information is required.[33]

---

24. *Id.*

25. *See* Internal Revenue Service, Office of Chief Counsel. *Litigating Position Regarding the Dischargeability in Bankruptcy of Tax Liabilities Reported on Late–Filed Returns and Returns Filed After Assessment.* Notice CC–2010–016 (September 2, 2010); *see also Johnson v. United States (In re Johnson)*, 2016 WL 1599609 (Bankr. S.D. Fla. Apr. 18, 2016) (Judge Kimball adopts the strict "one-day late" rule finding that under the hanging paragraph, a late return "can never qualify as a return" under section § 523(a)).

26. *Coyle v. United States (In re Coyle)*, 524 B.R. 863, 866 (Bankr. S.D. Fla. 2015).

27. *Fahey*, 779 F.3d at 3–4.

28. *Id.* at 5.

29. *Id.* at 5; *see also McCoy v. Miss. State Tax Comm'n (In re McCoy)*, 666 F.3d 924, 926 (5th Cir. 2012) (adopting same position); *Mallo v. IRS (In re Mallo)*, 774 F.3d 1313, 1316 (10th Cir. 2014) (adopting same position).

30. *See, e.g., In re Throgmartin*, 462 B.R. 836, 840 (Bankr. M.D. Fla. 2012); *Lennar Corp. v. Briarwood Capital LLC*, 430 B.R. 253 (Bankr. S.D. Fla. 2010); *Center Cadillac, Inc. v. Bank Leumi Trust Co. of New York*, 808 F.Supp. 213, 224 (S.D.N.Y. 1992).

31. *Fahey*, 779 F.3d at 12.

32. *Id.*

33. *Id.* at 14.

The hanging paragraph does not automatically bar the discharge of *all* taxes filed late. For example, the hanging paragraph expressly permits the discharge of substitute returns prepared by the IRS under § 6020(a) of the Internal Revenue Code, which always are filed late.[34] The fact Congress used the word "includes" means that § 6020(a) filings are a mere example of permitted late filings and not the "only" returns allowed to be filed after a deadline.

Granting a discharge only to late filings filed under § 6020(a) benefits "the scofflaw who sits on his hands at tax time, doesn't bother to file a return, and then, after getting caught, cooperates with the authorities and lets the government file the substitute return for him."[35] The primary policy purpose of the Bankruptcy Code is to "relieve the honest debtor from the weight of oppressive indebtedness, and permit him to start afresh free from the obligations and responsibilities consequent upon business misfortunes."[36] People with a good-faith reason for filing late and who are not "committing fraud" or "trying to game the system," should receive their fresh start promised by a bankruptcy discharge.[37] "Debtors who legitimately resort to bankruptcy when they reach wit's end should not be punished for the lack of clarity that persists in the very laws enacted to help them."[38]

This Court agrees with Judge Thompson and Judge Mark that the "one-day late" rule adopted by some courts defies common sense, years of established case law, clear bankruptcy policies, and the plain language of the Code. It is counterintuitive to the language of § 523(a)(*), which provides a return is a return if "satisfies the requirements of applicable nonbankruptcy law," to ignore the *Beard* test outlined by the United States Tax Court and adopted by courts and agencies, including the IRS, for almost two decades, in favor of bankruptcy courts' discretionary statutory interpretation of tax law. This approach also ignores the practical reality of the need to promote cooperation and disclosure in bankruptcy cases, it harms the honest debtor who filed a slightly late tax return in good faith, and it benefits the dishonest debtor who tried to game the system by filing only after a tax agency issued an assessment.

MDR alternatively argues that even if filing deadlines are not "filing requirements," the Debtor's tax liability was not discharged because the Debtor does not satisfy the fourth prong of the *Beard* test, which requires the document to "represent honest and reasonable attempt to satisfy the requirements of tax law."[39] According to MDR, the Debtor gave no reason for needing a copy of his former spouse's tax return since they filed "Married, Filing Separately," which allows no taxpayer to claim an exemption on behalf of the spouse and which gives a taxpayer half of the standard deductions had he or she filed "Married, Filing Jointly."[40]

Debtor replies his seven month delay in filing the tax return resulted from an honest and reasonable attempt to satisfy the

---

34. *Id.* at 15.

35. *Id.*

36. *Id.* at 17 (quoting *Williams v. United States Fidelity & Guaranty Co.*, 236 U.S. 549, 554–55, 35 S.Ct. 289, 59 L.Ed. 713 (1915)).

37. *Id.*

38. *Id.* at 19.

39. Doc. No. 49, p. 5; *see also In re Hindenlang*, 164 F.3d 1029, 1033 (6th Cir.1999).

40. Doc. No. 49, p. 5.

Massachusetts Tax Code.[41] He was going through a divorce, he allegedly did not know his former spouse would file "Married Filing Separately," and his delay resulted from his efforts to obtain a copy of his former spouse's tax return to determine the deductions and exemptions she had used.[42] Debtor also points out MDR issued an assessment only after the Debtor filed a return.

The Court finds a factual dispute exists on whether the Debtor's delay in filing the return was an honest and reasonable attempt to satisfy the Massachusetts Tax Code under the *Beard* test. MDR also seeks summary judgment on Counts 2 through 4 of Debtor's Complaint.[43] A material factual dispute exists whether the Debtor's 2008 tax liability to MDR is dischargeable. The other subsidiary issues in this adversary proceeding asserting violations of the automatic stay, discharge injunction, and Constitutions raised in Counts 2 through 4 are all premised on the dischargeability of the tax liability. Because the primary dispute is necessarily factual, summary judgment is not appropriate as to the related counts.

Accordingly, it is

**ORDERED:**

1. Massachusetts Department of Revenue's Motion for Summary Judgment (Doc. No. 29) is **DENIED**.

2. Debtor's Cross Motion for Summary Judgement is **DENIED** (Doc. No 41).

ORDERED.

---

41. Doc. No. 41, p. 3–5.

42. *Id.*

43. Doc. No. 1.